Nash, J.
 

 In the argument of the case here, the first exception taken by the plaintiff’s counsel to the Judge's charge is, that it oughtto have been submitted to the jury to decide, whether or not the first contract was rescinded by the parties. His Honor instructed the jury there was no evidence, that the original contract had been rescinded and another substituted. There can be no doubt, but that the construction of a contract is a matter of law. If committed to writing, the meaning of the terms, where they are explicit, is a question for the Court; but if doubtful and uncertain, they may be submitted to the iury, with proper instructions given hypothetically, ns the case might be, and in doing so, no error is commuted, as has been declared by the Court this term. And if verbal, and the parties dispute about the terms of the agreement,
 
 it
 
 involves a question of fact, as to the terms, to be decided
 
 *478
 
 by the jury ; but if there is no dispute as to the terms, and
 
 they be
 
 precise and expiict, it is for the Court to declare their effect.
 
 Massey
 
 v.
 
 Belisle,
 
 2 Ire. 176. Here there is no dispute as to the terms, but only as to their effect. In considering the question, as one of law and not of fact, the Judge below committed no error. This brings up the main question, so far as this case is concerned, viz , was the construction put upon the terms, used by the plaintiff and the defendant, correct in point of law? The plaintiff had agreed to build a mill for the defendant, for the sum of $100, and had received in part payment, the sum of $20. Becoming dissatisfied with his contract, he sent the defendant word, that he could not do the work for that sum, to which the defendant replied, “tell him to come and
 
 do
 
 the work, I will
 
 do
 
 what is right
 
 ov pay
 
 what is right.”/.
 
 One
 
 party to a contract cannot rescind it; to do so there must be the action of both parties, showing an assent to it, for it is as much a contract to rescind one as to make one. Jf in this case the plaintiff had sent back the money, which had been paid to him, and the defendant had received it, or if the defendant had brought an action for it, the original contract would have been rescinded. There is nothing in the case to show, that either the plaintiff or the defendant had intended to set aside the first contract. The plaintiff found, upon reflection, that he had made a bad bargain and was desirous to improve it; the defendant had made
 
 Ms
 
 calculations, and was willing to give the sum agreed on „to have his mill built. Perhaps it was as much as the work wras worth or as much as he was able to give. At any rate such was the contract between the parties; the'plaintiff was to build
 
 the
 
 mil! and the defendant pay therefor $100. The first contract wras not rescinded.
 

 • His Honor, having instructed the jury, that the contract was not rescinded, proceeded to charge them, as to the effect of the promise made by the defendant, if any was
 
 *479
 
 made, by using the words, “do or pay what is right.” “If, by this, he was to be understood, as making an addition* al promise to pay more than the price agreed on, it was not binding, “for want of a consideration.” On the part of the plaintiff it is insisted, that although the first con* tract was not rescinded, yet the parties were at liberty to vary it. There is no doubt of this proposition ; but it will be recollected, that the variation of a contract is así much a matter of contract as the original agreement — it‘ equally requires the concurrence of intention in the parties ; it cannot be varied at the mere will and pleasure of either. But in what was the contract in this case varied; not in the'work to be done, that was not altered in the slightest manner ; the plaintiff came under no new obli* gation ; he was to do the same work he had previously bound himself to do. It was varied, says the plaintiff, in this, that the defendant promised to give an additional fifty dollars, if he would build the mill. Let it be admit*-' ted, that the defendant, under the circumstances^"had, in so many words, promised the plaintiff, $hat he would give him fifty dollars more, or one hundred vand fifty dollars, for building the mill, would that have been in law a valid promise ? I concur in the opinion, that it would not. A consideration is an essential ingredient to the legal exis* tence of every simple contract. This consideration con* sists, as defined by Mr. Smith, in his treatise on contracts, p. 87, to be, “any benefit to the person, making the promise, or any loss, trouble, or inconvenience to, or charge upon the person to whom it is made.”
 
 ^
 
 The case states that the one hundred dollars, originally promised, had been paid by the defendant, and the controversy is for the fifty dollars under the alleged promise. What loss# trouble or inconvenience, or charge resulted to the plaintiff’ by his executing the work ? He was bound to build the mill by his original contract, and he was to do and did nothing more. What benefit was to result to the de„
 
 *480
 
 fendant by tbe promise to pay the additional fifty dollars
 
 ?
 
 None whatever ; he was to get from the plaintiff precisely the same quantum of work, without it as with it. The promise therefore, if made, was purely a
 
 “nudum pactum,”
 
 not binding in law, however it may be so in honor and conscience. The enforcement of contracts, of the latter character, in the language of Lord Denman, in
 
 Eastwood
 
 v. Kenyon. 11 Ad: and El: 438, however plausibly recommended by ‘'the desire to effect all conscientious engagements, might be attended with mischievous consequences to society.” The truth of this opinion might be illustrated by a variety of cases. One is furnished by that of
 
 Harris
 
 v.
 
 Watson,
 
 Peake 72. There it was laid down by Lord Kenyon, that a promise made by a captain of a ship, to one of his seamen, when the vessel was in extraordinary danger, to pay him an extra sum of money, as an inducement to extra exertion for her safety, a. void promise, beeause every seaman is bound to ex r£ himself to the utmost for the safely efthe ship, and therefore the Captain would get nothing fr#m the seaman in exchange for his promise, except that which the seaman was bound to do before. The principle, established or recognized in the case last cited, governs this; the plain» tiff was bound to do the work and the defendant would get nothing for the new promise, but what he was enti" tied to before he made it. If the words used by the defendant amounted to a promise, it is
 
 nudum pactum,
 
 as founded on no legal consideration, and his motive in using them is every obvious ; it was to induce the plaintiff to do'that, which, by his contract, he was already bound to do. In the argument, the counsel referred the Court to two cases. One from 52nd E. C L. R. 361,
 
 Pontifixv. Wilson,
 
 and the other from 19th John; 205,
 
 Wood
 
 v.
 
 Edwards.
 
 We do not think either assists the plaintiff’s case. In the first, the plaintiff had' contracted to erect certain buildings for the defendant, who was to paj a stipulated
 
 *481
 
 price, when they were delivered. When the buildings had progressed some time, the plaintiff refused to go on with the work, unless the defendant wodld give security for the payment of the money. “The whole dispute,” says Chief Justice Tindal, “as shown by the correspondence was, whether the defendant wouldgive the security, which the plaintiff insisted on,
 
 and had no right to insist, on.”
 
 The case in
 
 Johnson
 
 was, that the parties had entered into a contract, under seal, for the purchase and delivery of a certain quantity of coal, at a price agreed. After its execution, a new agreement was drawn up by the plaintiff, but unexecuted by him, and sent to the defendant for his approval. The defendant, by letter, expressed his willingness to alter the old agreement, and promised to execute the new one at some future time, but never did. The action was in assumpsit on the new agreement. The Court decided, that the first agreement was not set aside, but was in force, and that the proposition of the defendant to execute the new one was not binding on him; as well on the ground of
 
 want of
 
 con
 
 sidei'ation
 
 as of mutuality. These cases sustain the view taken by the Judge below, both as to the rescinding of the original contract, and the invalidity of the second, if made.
 

 No exception is taken to his Honor’s charge upon the first count in the plaintiff’s declaration, nor to the second, as to the rule laid down by him as to the measure of damages.
 

 Per Curiam.
 

 Judgment affirmed.