BLAKESLEE and others vs. ROSSMAN.

VERDICT. *(1) General rule of construction. (2, 3) Verdict in replevin.*
DEPOSITION. *(4) Certificate of oath administered.*

1. A verdict must be construed with reference to the pleadings.
2. In replevin, defendant justified as sheriff, under an attachment against the property of one F., alleging that the goods in dispute belonged to F., and that the mortgage under which plaintiff claimed was fraudulent and void as to creditors. Verdict " for the defendant " generally, and that he was then and at the commencement of the action owner and entitled to possession of the goods. *Held,* equivalent (under the pleadings) to a finding that the general property was in F., subject to the special property in defendant.
3. The attachment was for a certain sum, which the answer alleged to be justly due the attachment plaintiff from F.; and the value of the goods, as conceded by the parties and found by the verdict, was a *less sum.* *Held,* that the verdict was sufficient, though it did not find the amount of defendant's special interest; he being clearly entitled, if he recovered at all, to the full value of the property.
4. In the certificate annexed to a deposition taken in another state, the officer states that the witness " was duly sworn by me to testify the truth, the whole truth, and nothing but the truth." *Held,* a sufficient certificate of the oath administered, under ch. 68 of 1872.

APPEAL from the Circuit Court for *Clark* County.

Replevin. Defendant justified as sheriff under an attachment against the goods of one Farnham, at the suit of one Allen, a creditor of Farnham; alleging that the mortgage from Farnham under which plaintiffs claimed the goods, was fraudulent and void as to creditors.

Upon a verdict for the defendant, a new trial being denied, judgment was rendered in defendant's favor for ten cents damages, and $44.29 costs, and for a return of the property to him. From this judgment, plaintiffs appealed.

The errors alleged here will sufficiently appear from the opinion.

The cause was submitted on a brief signed by *MacBride & Grundy* as attorneys, with *Tyler & Dickinson,* of counsel,

for the appellants, and on that of *O'Neill & Sheldon* for the respondent.

For the appellants it was argued, 1. That the verdict and judgment in replevin should determine the rights of the parties with respect to every part of the controversy, and should pass upon every issue made by the pleadings *( Warner v. Hunt,* 30 Wis., 200; *Appleton v. Barrett,* 22 id., 568; *Rose v. Tolly,* 15 id., 443; *Child v. Child,* 13 id., 17; *Bates v. Wilbur,* 10 id., 416; *Ronge v. Dawson,* 9 id., 246); that one issue here was, whether plaintiffs or Farnham owned the goods; that, without evidence and contrary to defendant's claim, the jury found defendant to be the general owner; and that the verdict was also defective in failing to ·find the value of defendant's special interest. *Booth v. Ableman,* 20 Wis., 21. 2. That the statute as to taking and using depositions, being in derogation of the common law, must appear to have been fully complied with before a deposition can be used in evidence *(Baxter v. Payne,* 1 Pin., 501); and that sec. 2, ch. 68 of 1872, which provides that the certificate of the officer taking the deposition "shall state the oath that was administered to the witness," requires the oath itself to be set out *in extenso* in the certificate. *Goodhue v. Grant,* 1 Pin., 556.

COLE, J. I. Several of the questions raised upon this record were decided adversely to the plaintiffs in *Blakeslee v. Rossman,* 43 Wis., 116, and are therefore abandoned by their counsel on this appeal. But the same counsel object that the verdict in this case is incomplete, and fatally ·defective, and for that reason the judgment should be reversed. The jury found for the defendant on all the issues, and assessed his damages at the sum of ten cents; and further found that the defendant is, and was at the commencement of the action, the owner and entitled to the possession of the property, goods and chattels mentioned in the complaint; and that the value of such property was $693.54. Now it is said that this find-

ing was against all the evidence, and contrary to the claim of the defendant. The defendant, in his answer, after denying the allegations of the complaint, justified the taking of the property, as sheriff, under a writ of attachment issued in favor of one Allen and against one Farnham; and alleged that Farnham was indebted to Allen in the sum of $1,974, over and above all legal set-offs; that the property was the property of Farnham when seized on the attachment; and that the chattel mortgage given by Farnham to the plaintiffs, and under which the plaintiffs claimed the property, was fraudulent, and intended to hinder and delay the creditors of Farnham. The verdict of the jury must be construed with reference to these averments in the answer. When so considered, it was equivalent to a finding that the general property was in Farnham, subject to the special property of the defendant. This was a sufficient finding as to the general ownership. *Blakeslee v. Rossman*, decided with this case.

It is further said that the jury did not find the value of the defendant's interest. The attachment was for $1,974, which it was alleged Farnham justly owed Allen. The value of the goods was conceded to be only $693.54. Of course, the defendant, if he recovered at all, would necessarily recover the full value of the property.

II. The second error relates to the admission in evidence of the deposition of George C. Farnham. The deposition was taken before a notary public in Minnesota, under the provisions of chapter 68, Laws of 1872. The objection to the deposition is, that the notary failed to set out in his certificate, *in extenso*, the oath which was administered to the witness. It is claimed that the law requires this to be done. The statute relating to this matter prescribes that the person whose deposition is taken, "shall be first duly sworn or affirmed to testify to the whole truth and nothing but the truth;" and that the officer shall accompany the deposition with "his certificate, showing the time and place of taking the same, who was present at the

taking thereof, and who examined and cross-examined the witness, the oath that was administered to the witness," etc. The notary did annex to the deposition his certificate, stating, among other things, " that, previous to the commencement of the examination of the said George C. Farnham as a witness in the said action, he was duly sworn by me as such notary, to testify the truth, the whole truth, and nothing but the truth, relative to the said cause." We think this certificate contains all that was essential relative to the oath. Besides, it appears from the certificate that both parties appeared by counsel before the notary, and took part in the examination of the witness. Under these circumstances, we think there was no error in admitting the deposition in evidence.

*By the Court.* — The judgment of the circuit court is affirmed.

RYAN, C. J., took no part.