MADISON NATIONAL BANK OF MADISON, DAKOTA, Appellant, *v.* FARMER, Respondent.

**1. Chattel Mortgages—Mortgagees—Right to Possession.**

In an action by a mortgagee to obtain possession of the chattels, as against another mortgagee thereof, he must show default in his mortgage, or such a state of facts as, under it, will entitle him to the possession.

**2. Same—Verdict—Value.**

In an action of claim and delivery by a third person against a mortgagee, where the latter has a verdict, it is the proper practice for the jury to find the value of the mortgaged chattels, rather than the value of the mortgagee's interest.

(Argued May 15, 1888; affirmed May 25; opinion filed October 1, 1888.)

Appeal from the district court of Davison county; Hon. BARTLETT TRIPP, Judge.

*F. L. Soper,* for appellant.

Appellant, to secure a reversal, need only show a *prima facie* case before the district court. Thompson, Juries, 36; *Woods* v. *Atlantic Mutual Ins. Co.,* 50 Mo. 112.

Appellant's mortgages on the property were prior to the respondent's. His, as to the wagon, was given before the mortgagor owned it; it was therefore void. Jones, Chat. Mor. § 138; *Gardner* v. *McEwin,* 19 N. Y. 123.

If the defendant is entitled to recover, it would be only his interest in the property, the amount due on his note and mortgage, which is much less than $300. Wells, Replevin, §§ 584, 585; *Allen* v. *Judson,* 71 N. Y. 77; *Townsend* v. *Bargy,* 57 N. Y. 665; *Weaver* v. *Darby,* 42 Barb. 411; *Warner* v. *Hunt,* 30 Wis. 200; *Childs* v. *Childs,* 13 Wis. 19.

*Winsor & Mentzer* and *Goodykoontz, Kellam & Porter,* for respondent.

We may concede that appellant's mortgages were senior to respondent's, still the mortgagor had a right to make another,

and under it respondent might take possession of the mortgaged property, as provided in his mortgage. And during all this time, and while respondent was so in possession, appellant might have been entitled to take possession under one or both of his mortgages; but the exercise of such right was optional on his part, and respondent could not be in fault for not voluntarily delivering up to him what he never intimated that he wanted. Until demanded by one having a better right, there was nothing to put respondent in the wrong. *Cadwell* v. *Pray,* (Mich.) 2 N. W. Rep. 52.

The court was entirely uninformed as to what were the conditions of appellant's mortgages. Neither the complaint nor the evidence disclosed more than that they were chattel mortgages. They were not set out in the pleadings, nor were they put in evidence. The appellant, then, had no right to take possession until after default in payment, "unless authorized by the express terms of the mortgage." Section 1733, C. C.; *Smith* v. *Coolbaugh,* 19 Wis. 106.

In a case like this the jury is required to find the value of the property. Section 263, C. C. Pro.

It is settled that as between these parties this property was rightfully in possession of respondent, and he is liable to whomsoever shows himself entitled to it, to either return the property, or account for its value. This he cannot do if appellant is allowed to keep the property, and pay less than its value for it.

CARLAND, J. Appellant brought an action in the district court of the county of Davison against respondent, to recover the possession of one brown mare, one two-seated light spring wagon with cover, and alleged the value of all of said property to be $300. In pursuance of the requisition of appellant, the officer delivered the said property to said appellant. The complaint in the action contained the usual averments in such actions, and alleged that the appellant was entitled to the possession of the property described, by virtue of certain chattel mortgages given by J. H. Stuckey and A. J. Stuckey to the Madison

Bank of Madison, Dak.; which said mortgages were described in the complaint in said action by merely giving date of execution and property mortgaged, together with the names of the mortgagors and mortgagees. The complaint further alleged that the appellant was the owner of said mortgages, and the indebtedness secured thereby for a valuable consideration; but nowhere alleged what the conditions of said mortgages were, or that the indebtedness had not been paid, or that any of the conditions of said mortgage had been broken, or that any circumstances whatever had occurred which would entitle the appellant to the possession of the property described. The respondent answered, and denied that appellant was the owner of said property, and also denied any wrongful taking or withholding of the same; but admitted that J. H. Stuckey and A. J. Stuckey had given the mortgages described in the complaint, and that appellant was the owner and holder of the same. For a further defense respondent alleged that on July 2, 1886, one A. J. Stuckey, being the owner of the property described in the complaint, gave the respondent a chattel mortgage on said property, and that the same had been duly recorded; that on the 5th day of January, 1887, default having been made in the payment of the money secured by said mortgage, respondent took possession of the property therein described, and was proceeding to foreclose the same, when the property was taken from him by proceedings in said action. When the case was called for trial, the appellant gave testimony tending to show that the property taken from respondent was the same property described in the mortgages mentioned in the appellant's complaint, and then rested his case. Counsel for respondent moved the court to direct a verdict for respondent, which motion was granted. A verdict was then returned by the jury in the usual form, which assessed the value of the property at $300. An exception having been taken to the ruling of the court, appellant appealed to this court, and assigned said ruling as error, and also alleges that the verdict is erroneous in not finding the value of defendant's interest in the property, instead of the full sum of $300,

which appellant alleges would be more than respondent would be entitled to under his mortgage if a redelivery of the property could not be had.

There was no error in the ruling of the court in directing a verdict for respondent, for the very plain reason that the complaint did not allege any fact showing default in any of the conditions of the mortgage, nor that they had any condition under which it could claim possession of the property. The appellant did not make its case at the trial any broader than it had pleaded it. No evidence was introduced or offered to be introduced by appellant showing any mortgage, with conditions or breach of any such conditions. The mere fact that appellant owned these mortgages gave it no right to the possession of the property, without the happening of some event provided for in the mortgage by virtue of which it could take possession, and, if such event had occurred, it was necessary to allege and prove it.

Neither was there any error in the verdict of the jury in finding the value of the property to be $300. That was the sworn value put upon it by appellant; and while it would have been correct if the mortgagor had brought this action against respondent to have limited the jury to finding the interest in the property which the respondent had, yet where a third party seeks to take property from the mortgagee which he holds by virtue of a mortgage, and that third party shows no right to the possession thereof, it is the proper practice to let the jury find the full value of the property, for the very plain reason that the mortgagee is responsible to his mortgagor for the full value of the property, and is obliged to return the mortgagor any surplus which shall remain after satisfying his own claim, which he could not do without paying it out of his own funds, if he could not recover from the third party the full value of the property taken from him. No error appearing in the record, the judgment of the lower court is affirmed. All concur.