(69 N. W. Rep. 44.)

---

## FLETCHER BROTHERS vs. EDWARD M. NELSON.

Opinion filed November 10th, 1896.

### Notice of Intention—When Waived.

A notice of motion for new trial, otherwise in proper form, which contains a notice that the motion will be made upon the minutes of the court, and upon a ground specifically stated in the notice, will operate as a notice of intention, as well as a notice of motion. *Held*, further, where the objection is made for the first time in this court that no notice of intention was ever served, that such objection comes too late. The objection is waived by not being made in the trial court.

### Delivery of Contract of Sale Passes Title—When.

Where all the terms of a sale of personal property which has been identified are agreed upon, and embodied in a writing signed and delivered, such delivery of the writing operates to pass title to the purchaser. Accordingly, *held*, in the case of a sale of a mare, when the writing so made and delivered contained a stipulation that the sale was made without any warranty, that an oral warranty of quality, made an hour after the delivery of the writing, and made only as an inducement to the purchaser to accept and keep the mare, could not be enforced as a contract, such oral warranty being without consideration.

### Authority to Sell Implies Authority to Warrant.

An agent, having authority to sell particular property, has implied power to warrant the goods sold; but, after consummating a sale, the authority of the agent is exhausted. He cannot, by a subsequent agreement, made without the consent of his principal, rescind the sale, and then enter into a new contract of sale to the original purchaser.

**Court May Amend Verdict in Claim and Delivery—When.**

> In claim and delivery, when the value of the plaintiff's interest in the property is not found in the verdict, but such value is not controverted, and may be ascertained by mere computation made upon the pleading, the verdict may be amended by the court, and a judgment may be entered based upon the amended verdict.

**Verdict Directed When Facts Not Controverted.**

> Where facts are not controverted, or are admitted in the pleadings, it is the province of the court to direct a verdict; and this is the rule in claim and delivery cases, as well as other cases of a civil nature.

Error to District Court, Richland County; *Lauder*, J.

Claim and delivery by Fletcher Bros. against Edward M. Nelson. There was a verdict for plaintiffs, and from an order setting the same aside, and granting a new trial, they appeal.

Reversed, with directions.

*McCumber & Bogart*, for appellants.

*W. E. Purcell*, for respondent.

WALLIN, C. J. This action was brought to recover the possession of certain personal property, to-wit, two mares, one colt, and a couple of oxen. Plaintiff's claim the right of possession under a chattel mortgage covering the property, which was executed and delivered by the defendant to secure a promissory note for $115. By his answer defendant admits the execution and delivery of the note and mortgage. Further answering, the defendant alleges that the note was given for the purchase price of one of the mares; that said mare was sold with a warranty to the defendant as to her age, soundness, trueness in harness, etc; that said warranty was false, and broken, and that the defendant was damaged thereby; and that the mare was not worth the said purchase price of $115, and was not worth to exceed $25. Upon these issues a jury trial was had. We quote from the abstract: "Both parties having rested, the plaintiff moved the court to instruct the jury to find a verdict for the plaintiffs and against the defendant, that plaintiffs are entitled to the immediate possession of the property described in the complaint, and that

the value of said plaintiffs' special interest in the said property is the amount of the principal and interest due upon the said note, and that the jury find the value of the property described in the complaint." Said motion was overruled, and the plaintiffs excepted. The cause was submitted to the jury with instructions to find a verdict, for the plaintiffs, that the plaintiffs were entitled to the possession of the property described in the complaint; to also find, in their verdict, the value of the property, and also the amount of the plaintiffs' special interest in the property. And the court further instructed the jury, in substance, that the value of the special interest of the plaintiffs in the property would be the amount due upon their note, less the amount of damages the defendant had suffered by reason of the breach of warranty, in case the jury found that there was a warranty made; and that the defendant's damages, in case they found a breach of warranty, would be the difference between what the property purchased would have been worth if it had been as warranted, and what it was actually worth in the condition that it was in at the time of purchase. The jury, after being out, reported that they could not agree upon the matter of damages. The attorney for the plaintiffs then stated to the court: "Before the jury are discharged, I would ask the court, in view of the statement of the juror that the question that they cannot agree on is one of damages, and the court having instructed the jury to return a verdict for the plaintiffs for the possession of the property, that the court withdraw the question from the jury as to the plaintiffs' special interest in the property, and instruct the jury to return a verdict for the plaintiffs for the property described in the complaint, and to find its value. By the Court: Gentlemen of the jury: I instruct you again to bring in a verdict in this case in favor of the plaintiffs, and in addition you will find the value of the property. This question of damages you need not consider further. You will find a verdict for the plaintiffs for the return of the property, and find also the value of the property." Thereupon the jury retired again, and subsequently returned into court

and returned their verdict as follows: "We, the jury in the above entitled action, find for the plaintiffs on all the issues therein; that the plaintiffs are entitled to the immediate possession of the property described in the complaint herein; that the value of the plaintiff's special interest in said property is———dollars; and that the value of the property described in the complaint is two hundred and thirty' dollars,"—which verdict was, on the 5th day of January, 1895, duly received by the court and filed in said action.

No further proceedings were taken in said action by either of said parties until the first day of April, 1896, when the attorneys for the plaintiffs served upon the attorneys for defendant a notice of motion for an order directing the entry of judgment, in favor of plaintiffs and against said defendant, upon the verdict rendered in said action, for the recovery of the property described in plaintiffs' complaint or the amount due plaintiffs on the note described therein, in case delivery of the property cannot be had. Thereafter, and before said motion was argued before the court, the attorneys for defendant served notice upon plaintiffs' attorneys for a new trial in said action, returnable on the 21st day of April, 1896. At said last mentioned time both of the aforesaid motions were argued, and after hearing the arguments on said motions, the court made its order as follows: "The above entitled cause having been brought on to be heard on the 22d day of April, 1896, on motion made by plaintiffs for judgment on the verdict, and on motion made by the defendant to vacate and set aside said verdict, and to grant the defendant a new trial in said cause, Messrs. McCumber & Bogart appearing for the plaintiffs and W. E. Purcell, Esq., appearing for the defendant, and the court having heard the arguments for the respective parties on said motions, and being duly advised in the premises, it is hereby ordered that the motion made by the plaintiffs for judgment on the verdict rendered at the January, 1895, term of this court, in said cause, be, and it is hereby, in

all things denied. Further ordered that the motion of the defendant that said verdict be set aside, and a new trial of said action be granted, be, and it is hereby granted, and said verdict is hereby vacated and set aside, and a new trial of said action is granted and hereby ordered." Which said order was served upon the attorneys for the plaintiffs on the 1st day of May, 1896. Upon the coming in of the verdict, the record reads as follows: "The defendant excepts to the verdict, and asks a stay of proceedings of sixty days, in which time to make a motion for a new trial, prepare a bill of exceptions, or statement of the case. The stay is granted." At the same time the clerk made the following entry in the minutes of the court: "Come again the parties, by their counsel, and thereupon the defendant's counsel moved the court to set aside the verdict of the jury, and thereupon the court decided to reserve the decision now." The notice of the motion for a new trial, which was served on plaintiff's counsel, and is referred to above, contained, among other things, the following language: "Said motion will be made upon the minutes of the court, and the pleadings and proceedings herein, and upon the further ground that the court erred in instructing the jury to return a verdict," etc.

In this court plaintiff's counsel makes the preliminary point that the trial court erred in granting the new trial for two reasons: First, that a notice of intention to move for a new trial was never served; second, that the order directing a verdict for plaintiffs was not objected to, and no exception thereto was taken. We think both of these grounds are untenable. The record, as stipulated and completed shows that counsel for defendant did both object and except to the order of the trial court directing a verdict. We quite agree with counsel for the plaintiffs that the stay order and the entry in the minutes are unavailing as a notice of intention to move for a new trial. A notice of intention must be served on the respondent's counsel and must, when the motion is made upon the minutes, as in the case, specify the particular errors or grounds upon which the motion will be made. These

requirements are statutory, and were not met in the record entries above quoted. Rev. Codes, § 5474; *Calderwood* v. *Brooks*, 28 Cal. 153, 154; *Wittenbrock* v. *Bellmer*, 57 Cal. 12. But we find in the record a sufficient notice of intention. It points out, in terms, that the motion for a new trial will be made upon the minutes of the court, and also specifically states the ground of the motion. This notice, it is true, is embodied in the notice of motion, and hence is not, in strictness, a mere notice of intention. But we think the notice sufficient, and this court particularly so rule in *Anderson* v. *Bank*, 5 N. D. 80, 64 N. W. Rep. 114. The record fails to show that plaintiffs objected in the court below, either as to the time or the character of the notice served. If no notice had been served, the objection comes too late when made for the first time in this court. See Haynes, New Trials & App. pp. 61-63. It would seem that a separate notice of intention is less important, in motions for a new trial based on the minutes of the court, than when made on affidavits or upon a statement. On this point see *Id.* p. 54. It is, of course, the correct practice to serve both a notice of intention and a notice of motion in all cases. This is a statutory requirement, and to comply with it is the only safe course to pursue. But the notice may be waived by not objecting in the court below. See, also, *Gould* v. *Elevator Co.*, 2 N. D. 216, 50 N. W. Rep. 969; *Johnson* v. *Railroad Co.*, 1 N. D. 354, 48 N. W. Rep. 227.

Turning to the merits of the controversy, the question presented is whether the order of the trial court directing a verdict for the plaintiffs was a proper order, under the issues and the evidence in the case. If properly made, the order vacating the verdict was necessarily error, and therefore should be reversed; otherwise it should be affirmed. It will be noticed that the final order directing the verdict in terms withdraws from the jury all questions of damages arising upon the defendant's answer, and also ignores the matter of plaintiffs' special interest in the property, and the value of such special interest. The verdict conformed to the final direction of the court. Plaintiffs' special

interest in the property is not found by the jury. Respondent's contention is that the jury should have been directed to consider and pass upon the evidence relating to the counterclaim or defense alleged in the answer, and also directed to find specifically as to the plaintiff's interest in the property. Plaintiffs' counsel argues that the defendant could not legally allege a counterclaim in claim and delivery. But this position is not available to the plaintiffs, because the point has been waived by failure to demur to the answer on that ground. See *Bank* v. *Laughlin*, 4 N. D. Rep. 391, 61 N. W. Rep. 473. Besides, we think it proper, in an action between the mortgagor and the mortgagee, to litigate the value of the plaintiff's interest, in view of the alternative judgment which the statute allows to be entered in cases where the return of the property cannot be had. *Bank* v. *Farmer*, 5 Dak. 282, 40 N. W. Rep. 345. It follows that, whether the damage pleaded in the answer constitutes a counterclaim, or whether it is only defensive matter, is immaterial in this case.

The evidence bearing upon the warranty alleged in the answer may be briefly stated as follows: At the time of the delivery of the note and mortgage, the vendors made a bill of sale of the mare, which was signed, on behalf of the vendors, by their agent, W. J. Smith, and also signed by the defendant. The bill of sale embraced the following stipulation: "And it is hereby distinctly understood and agreed that no representation or warranty respecting said mare is made as an inducement for or in connection with this sale." At the time of the sale, and the delivery of the papers, the mare sold was loose in a herd, but near by where the sale was made, and where she had been seen by the defendant before he purchased her; but he had not caught or handled her before the sale. After the sale, and delivery of the papers, the mare was caught, and the possession of her was tendered to the defendant. At this point we quote from defendant's testimony: "Q. You first signed the note and mortgage and the bill of sale? A. Yes, sir. Q. You remember that, do you? A. Yes, sir. Q. That was before the horse was caught? A. Yes, sir,"

After the mare was produced and tendered to the defendant, the defendant testifies: "I refused to take the mare [after the mortgage and note were given,] and a new contract was entered into verbally." Defendant also testified, in substance, that, after the mare was caught, he examined her, and found that she was older than had been previously represented to him, and that he refused at first to accept the mare, whereupon the plaintiff's said agent warranted the mare as sound and reasonably well broken to harness, and that upon such oral warranty defendant waived the matter of the age of the mare, and accepted her, and took her away; and that, as a matter of fact, to mare proved to be unsound and balky, and was worth not to exceed $25, but she would have been worth $130 if she had been as represented in the oral warranty. All evidence of the oral warranty was received against the objection upon the grounds—First, that there was no consideration for such warranty; second, that the agent of the vendor was without authority to make the warranty; and, finally, that such evidence varied and contradicted the written contract of sale. At one point counsel objected to such evidence on the ground that a "new contract and a new warranty would be entirely unavailable." Following this objection the record reads: "By the Court:  Q. Had the horse been delivered to you at the time?  A. No, sir.  (The objection is overruled, to which ruling the plaintiffs except.")  From the question propounded by the learned trial court, and the ruling which followed the answer to the question, it is apparent that the evidence was admitted upon the mistaken theory that the sale, evidenced by the writings, was pending and incomplete when the oral warranties were made, and that the sale contract, evidenced by the writings previously delivered, would be consumated only when the animal was actually delivered by the vendor to the defendant, and accepted by him. But, if the evidence were admitted on that theory, the ruling was error. It is elementary that, where personal property has been identified, the price agreed upon and paid, and the terms of the sale, embracing the intention of the parties, are reduced to

writing, and the writing is signed by the proper parties, and delivered, no manual delivery of the personalty is necessary to complete the sale. In such cases, the title passes at once to the purchaser, without delivery of the thing sold. The sale evidenced by the pre-existing writings was an absolute, unconditional sale, which took effect at once, upon the delivery of the writings, and whereby the title passed from the vendor to the purchaser. Authority is not needed to support this proposition, but see 21 Am. and Eng. Enc. Law, p. 482, and cases under note 1; Benj. Sales, § § 322, 324, 327-329. Besides, if the oral warranties alleged were contemporaneous with the sale, or made before the sale, the evidence was inadmissible under an elementary rule of evidence voiced in the code. Rev. Codes, § 3888, reads: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

But, as we have seen, the sale having been completed, and the title having passed by the the delivery of the writings, no duty remained for the seller to perform, except to produce the property sold, and place it at the disposition of the buyer. This was promptly done. The animal was caught, and brought to the buyer, and he examined her, with reference to her age, especially, and then found, as he testifies, that she was older than she had been previously represented to be. According to defendant's testimony, he refused to accept the mare, and did not do so until a new contract of sale was made "verbally." But what the terms of the new contract were, except as to the oral warranties claimed, does not appear from the evidence. Plaintiff's witnesses deny the making of any new contract, or any oral warranties; but, from the very meager testimony of the defendant, we gather that the new contract of sale, so called, consisted wholly in ingrafting upon the terms of the existing written contract of sale the oral warranties we have referred to above. But was this oral warranty, as testified to by the defendant, a valid contract? We think it

was not. No consideration for the warranty is claimed, other than the fact that defendant refused to accept and keep the mare unless on condition that she should be warranted by the vendor. But the trouble with this position is that, under a pre-existing and valid contract of sale, the defendant had purchased the animal, and then owned her absolutely, by virtue of a sale contract made to him without a warranty. After the purchase, the property was brought to the defendant, and placed at his disposal. Under such a state of facts, a legal obligation rested upon the defendant to accept the animal, and keep her, without additional advantages of any kind, and particularly without a stipulation of warranty, which feature has been expressly dealt with in the contract of sale. We therefore hold, that, in asking for an additional stipulation of warranty, the defendant was making an unfair and illegal demand, and that, if the oral warranty was made as claimed, then it was made without consideration, and is, hence, nonenforceable as a contract. In accepting and keeping his own property, nothing valuable passed from the defendant to the vendor. Counsel for respondent tacitly admit that the new contract which they are contending for cannot stand until the original contract of sale is first gotten rid of. Their position before this court is that the original sale was annulled by the subsequent oral assent of the parties. Doubtless it is true, as an abstract legal proposition, that a written agreement may be abrogated by a subsequent oral agreement fully executed. Rev. Codes, § 3936. But we search this record in vain for any evidence that the parties orally agreed to rescind the original contract. The matter of rescission is not mentioned in the evidence, in terms or in legal effect. Defendant testifies that he refused to accept the mare, and that a new contract was made verbally. He testifies fully as to the terms of the new contract. It has been seen that the new contract relates wholly to the one feature of warranty. As to that, defendant testified that an oral warranty was made. If this is true, then there was an oral agreement touching one, and only one, feature embraced in the

original contract. It is conceded that the terms of the original sale, upon which the minds of the parties had met, and which terms had crystallized in the form of a duly executed and delivered written contract, should remain intact. Not one word of evidence can be found tending to show that the parties ever intended to cancel the note and mortgage, or annul the bill of sale as a whole. It is therefore apparent that there was no such idea as recission broached by the parties at the time the alleged warranty was made. There was no tender of a return of the property by the defendant to the seller, nor was there a claim of fraud made, either in the pleadings or the testimony. Under the evidence, there was neither fraud nor mistake in the original contract of sale, and therefore, under established principles of law, the defendant was not in a position to rescind the contract, if he had sought to rescind, which, as we have stated, he did not do. See Rev. Codes, § 3932, as to recission of contracts.

But there is another and independent ground upon which the evidence touching the oral warranty was inadmissable. It is this: The talk was had between the defendant and the vendors' agent, Smith. In the absence of notice to the defendant of any restrictions upon the authority of the agent, the defendant had the right to assume that the agent, having authority to sell, also had an implied authority to warrant. But there the implied authority of a mere agent to sell terminates. In this case the agent had made an advantageous contract for his principal. He had sold the mare with an express stipulation that no warranty was given in connection with the sale. Under this contract the title had passed to the defendant. How is it proposed to get rid of this executed contract? The respondent asks this court to assume that a mere agent to sell personalty possesses the implied authority, not only to warrant, but to rescind an executed sale, and thereby reinvest his principal with title to the property which had vested in the purchaser under a pre-existing contract of sale. It is well settled that a mere agent to sell possesses no such implied authority. The undisputed evidence shows that the

agent, Smith, had authority to sell the particular herd or lot of horses referred to, and had no other or further authority as the vendors' agent. Under these circumstances, the authority ceased, and was exhausted with respect to any particular horse in the herd, after a sale of such horse. *Stillwell* v. *Insurance Co.*, 72 N. Y. 385; *Luke* v. *Griggs*, 4 Dak. 287, 30 N. W. Rep. 170; *Ahern* v. *Baker* (Minn.), 24 N. W. Rep. 341. Agent to sell cannot rescind. *Andrews* v. *Himrod*, 37 Ill. App. 124: *Diversy* v. *Kellogg*, 44 Ill. 114; *Fullerton* v. *McLaughlin*, (Sup.) 24 N. Y. Supp. 280; Mechem, Ag. § 650. It appears, therefore, that the agent, Smith, having exhausted his authority as agent by a previous sale of the property, was entirely without power to bind his principal by any new contracts relating to the animal sold to the defendant. For this reason, as well as the others above stated, it is clear that the defendant cannot, under any circumstances, recover damages for any breach of the so-called oral warranty. There never was any such warranty which could bind the seller. It follows that the order of the trial court withdrawing the question of damages arising on the alleged warranty from the jury was entirely proper.

A single question remains for consideration. The trial court, by its last order, directed the jury to find a verdict for the plaintiffs for a return of the property, and also find the value of the property in question. The jury returned a verdict as directed, and omitted in the verdict any reference to the value of the plaintiffs' interest. This omission is manifestly the result of the inadvertence of the jury. The nature of plaintiffs' interest, and its value, were at no time disputed. The complaint set out the note and the chattel mortgage as the basis of plaintiffs' right to the possession of the property described in the mortgage. No other right was claimed. The answer admitted the execution and delivery of the note and mortgage, and no claim was made that the note was paid, except a payment of $10, which was indorsed on the note, which was in evidence. Before the jury retired the first time for deliberation, they were instructed, especially, with reference to finding the value of the plaintiffs' interest, and were,

as we think, instructed properly in this regard—"that the value of the plaintiffs' special interest in the property would be the amount due upon the note." Then the jury were further instructed that, from the value of the plaintiffs' interest, so ascertained, the jury might deduct any damages suffered by defendant on account of a breach of the warranty alleged in the answer. True, the court, in its final instructions, withdrew from the jury the question of defendant's damages, but in so doing it in no wise modified its former instructions as to the mode of determing the plaintiffs' interest. But, as we have stated, by the neglect of the jury, this feature of the direction to the jury was not embodied in the verdict. Under the instructions of the court, the jury should have made the computation from the face of the note, and returned the total sum as the value of the plaintiffs' interest. In such cases, as well as others, where the facts are admitted or not contested, it becomes the province of the court to intervene, and direct the jury as to what fact or facts they should find. See Cobbey, Repl. § 1026. In this case the court below discharged this duty, not only with respect to the value of the plaintiffs' interest, but also as to the matter of the right of the plaintiffs to have a return of the property to them. This feature, also, was not a contested question, after the matter of defendant's damages had been eliminated. Aside from damages, there was no issue in the case for the jury. The material facts appear of record in the pleadings. The value of the property embraced in the mortgage was alleged in the complaint, and not denied in the answer.

Respondent's counsel contend that no valid judgment can be entered upon the verdict returned, because the verdict does not respond to the issues in this: that the value of the plaintiffs' interest was not found by the jury. It is true that all verdicts must respond to every material fact in issue. This general rule is the rule in replevin cases. Cobbey, Repl. § 1049. But, as we have seen, in the case at bar there was no issue on this feature. Under the pleadings, the nature and the value of plaintiffs' interest were conceded, and subject to be modified only by any damages

which the defendant was entitled to deduct from the value of plaintiff's interest as shown upon the face of the note. In replevin, as in other cases, verdicts will be considered and construed together with the pleadings, and it will suffice to sustain a judgment if the facts found by the verdict and those admitted in the pleadings, when considered together, show what a judgment should be. Cobbey, Repl. § 1025; *Blakeslee* v. *Rossman*, 44 Wis. 550; *Brookover* v. *Esterly*, 12 Kan. 149; *Ela* v. *Bankes*, 37 Wis. 89. In the case last above cited it is held that when, in replevin, the value may be ascertained by simple computations, it need not be specially found for the jury. It follows, as a result from the view we have taken of the law as applied to the facts found in this record, that the final order of the trial court directing the verdict which was afterwards returned was not erroneous, but was a valid and proper order, under the issues and the evidence in the case, and, consequently, that the order vacating the verdict and granting a new trial was erroneous, and must be reversed. But plaintiffs' counsel did not pursue the rules of strict practice in moving the court below for the entry of judgment upon the verdict without, at the same time, or prior thereto, moving for an amendment of the verdict, so as to make it conform to the instructions of the court, and to the conceded facts and issues of the case, after the question of damages had been eliminated. Counsel should, in strictness, have applied to the court below to amend the verdict by inserting therein the amount of plaintiffs interest, and for judgment upon the verdict so amended. The power of a trial court to amend a verdict under such circumstances is ample, as will be seen by the following cases: *Hodgkins* v. *Mead*, 119 N. Y. 166, 23 N. E. Rep. 559; *Schweitzer* v. *Connor*, 57 Wis. 177, 14 N. W. Rep. 922; *Clarke* v. *Lude*, 63 Hun. 363, 18 N. Y. Supp. 271; *Dalrymple* v. *Williams*, 63 N. Y. 361; 2 Thomp. Trials, § § 2642, 2643; *Clark* v. *Lamb*, 8 Pick. 415; *Acton* v. *Dooley*, 16 Mo. App. 441-447; *Murphy* v. *Stewart*, 2 How. 263-279.

The orders appealed from will be reversed, and the trial court, on plaintiffs' application therefor, will enter an order amending

the verdict by inserting therein the value of plaintiffs' interest, which value will be ascertained by computing the amount due on the note at the date of returning the verdict. The court will then direct the entry of judgment in favor of the plaintiffs upon the verdict as so amended. All the judges concurring.