(79 N. W. Rep. 337.)

---

PLANO MANUFACTURING Co. *vs.* JOHN K. JONES.

Opinion filed May 4, 1899.

**Warehouse Receipts—Conversion of Wheat.**

Action for the conversion of wheat. Plaintiff had a chattel mortgage upon a crop of wheat. The mortgagor, after threshing the wheat, placed the same in elevators, and received the usual storage tickets therefor. Subsequently the mortgagor delivered the tickets to the defendant as collateral to a seed lien held by defendant against the mortgagor. Defendant did not have anything to do with placing the grain in the elevators, and never had the actual possession of the wheat. Prior to commencing the action, plaintiff demanded of defendant the wheat, or its proceeds, and the demand was not complied with. Upon such facts the trial court instructed the jury to the effect that the defendant, by virtue of the storage tickets held by him, had constructive possession of the grain, and that his refusal to comply with the demand operated as a conversion of the wheat, and, consequently, that an action would lie for such conversion. *Held*, that the instruction was error. The tickets did not entitle the defendant to demand or receive possession of any particular wheat, much less of the identical wheat upon which the plaintiff had a lien. See Best v. Muir, 8 N. D. 44, 77 N. W. Rep. 95.

**Statement of the Case Should be Filed Before Making Motion for New Trial—Waiver.**

Plaintiff had a verdict. Defendant served notice of intention to move for a new trial, embracing a notice that the motion would be made upon a statement of the case to be thereafter settled and allowed. A statement was thereafter settled and allowed. Subsequently, and pursuant to a stipulation between counsel, said motion was argued in the District Court, and no objection was ever made in that court that the statement had not been filed with the clerk at or prior to hearing the motion. *Held*, that correct practice requires that a statement of the case upon which a motion for a new trial is based should be filed with the clerk at or before the hearing of such motion, but that its nonfiling is a mere irregularity, which, in this case, was waived by counsel for the plaintiff.

**Irregularities Cannot Be First Raised on Appeal.**

> *Held*, further, that the objection cannot be raised for the first time in this Court. The nonfiling, under the circumstances, was not jurisdictional to the hearing of the motion, nor to the order made thereon.

Appeal from District Court, Richland County; *Fisk, J.*

Action by Plano Manufacturing Company against John K. Jones. Judgment for plaintiff. Defendant appeals.

Reversed.

*W. E. Purcell,* for appellant.

*Freerks & Freerks,* for respondent.

WALLIN, J. This action was brought to recover damages for the alleged conversion of a crop of wheat upon which plaintiff claims a lien by virtue of a chattel mortgage. It is conceded that one Olson gave the mortgage to plaintiff, and that subsequently Olson raised the crop covered by the mortgage, and that he threshed the same, and thereafter placed the grain in certain elevators, and received the usual storage tickets for the same. It is conceded that Olson delivered such tickets to the defendant, but no claim is made that the defendant ever had the grain in his actual possession, or that he in any manner aided the mortgagor in placing the wheat in the elevator, or in removing it from the premises of the mortgagor. There is a dispute between counsel as to whether the evidence shows that the tickets were turned over to the defendant for safe-keeping only, or whether as plaintiff's counsel claims they were turned over to enable the defendant to realize upon a seed lien held by the defendant against the mortgagor. For the purposes of the case we will accept the theory of plaintiff, viz: that defendant held the tickets as collateral to his seed lien, and, consequently, that the defendant, as between himself and Olson, had a special property in the tickets. Before the action was instituted, a demand was made in plaintiff's behalf upon the defendant for the wheat, or the proceeds of the wheat; but no demand is shown to have been made for the tickets themselves, and, as has been said, the action is brought to recover for the conversion of the wheat. The turning point in the case arises upon the instructions given to the jury. Among other instructions to the same effect, the Court said to the jury: "If you believe by a fair preponderance of the evidence that such storage tickets were delivered to this defendant by Mr. Olson for the purpose of applying the proceeds thereof upon any indebtedness held by him against Mr. Olson, or if you find they were delivered to him for any other purpose than that of safe-keeping, as claimed by the defendant, and you also find from the evidence that while he had such storage tickets in his possession this plaintiff demanded possession of said wheat from the defendant, and he refused such demand, asserting that he had a prior right to said tickets, as against the said plaintiff, then his act in so refusing to deliver possession of such wheat would constitute in law a conversion, and your ver-

dict must be for the plaintiff." This instruction, with others of like import, were excepted to by counsel for the defendant, and the same are assigned as error in this Court. In our opinion, these instructions were unsound in law, and embodied prejudicial error. The plaintiff can recover in this action only by showing that the defendant, at some time prior to the commencement of this action, had the actual or constructive possession of the identical wheat covered by the plaintiff's mortgage. The Court charged the jury that there was no evidence showing that the defendant ever had the actual possession of such wheat. In our opinion, it is equally clear from the record that the defendant never had the constructive possession of the same. He never had constructive possession, because he was never in a position to legally obtain the actual possession of the identical grain upon which alone plaintiff claims a lien. It does not appear that the grain was in the possession of the elevator companies at the time the demand on the defendant was made for the same; and if it were there, and if demand had been made by defendant for the same, such demand could have been legally met and complied with by a delivery of other grain of like kind and quantity. Rev. Codes § 1791. The precise point in question was decided by this Court in the case of *Best* v. *Muir*, 8 N. D. 44, 77 N. W. Rep. 95. In the case cited, which was carefully considered, we held, upon a similar state of facts, that the plaintiff had mistaken his remedy, and had sued the wrong party. That case was on all fours with this, and must govern the case at bar.

A point of practice remains for consideration. After the verdict was returned, defendant gave notice of intention to move for a new trial upon a statement of the case thereafter to be settled. Later a statement of the case was settled and allowed, and thereafter, pursuant to a stipulation of counsel, the motion was argued by counsel for both parties, and was denied by the Court. The order denying the motion is, however, general in terms, and omits to state the grounds upon which it was made. Counsel for respondent now claims that the order cannot be reversed if it can be sustained on any grounds, and that it should be sustained, · because, as counsel claims, "this statement was not filed in the office of the clerk of court until several days after the motion for a new trial was submitted and determined;" and counsel cites section 5467, Rev. Codes, as supporting his contention, the last sentence of which is as follows: "When settled, the statement must be signed by the judge with his certificate to the effect that the same is allowed, and shall then be filed with the clerk. Counsel also cite certain notes in Deering's Ann. Code Civ. Proc. Cal. p. 296, and *Parrott* v. *City of Hot Springs*, 9 S. D. 202, 68 N. W. Rep. 329. Upon these authorities counsel contends that it is not enough that the statement was actually settled pursuant to the notice of intention, and that counsel voluntarily appeared in the District Court, and argued the motion for the new trial, without objection, and that the Court decided such motion after hearing counsel, but that the further fact that the settled

statement had actually been filed with the clerk at the time the motion was argued must likewise appear affirmatively on the record sent to this Court, and that, if the filing does not so appear, this Court, in order to sustain the action of the trial court, will presume that the statement had not been filed when the argument was made below. Upon the question presented we remark first that the fact of the nonfiling of the statement below, as claimed, does not appear in the abstract of the record; but assuming, for plaintiff's benefit, that the record proper would reveal the fact to be as claimed by counsel, we shall hold, under the circumstances of this case, that the nonfiling was an irregularity merely, and was waived. The facts are that the motion was based upon a statement to be settled, and which was settled, pursuant to notice, prior to the hearing on the motion, and that counsel voluntarily appeared and argued the motion, no objection being made at any time that the statement had not been filed with the clerk of the District Court. We do not find that the precise point has ever been decided, and the authorities cited by counsel fail to do so. The cases cited in the notes in Deering's Code, supra, arose under the old practice act in California, and are not in point. The South Dakota case simply holds that, where the notice of intention stated that a motion for a new trial would be based upon a statement of the case, it was an essential prerequisite of the motion to settle a statement before hearing the motion. In that case no statement or bill was ever settled, and the Court very properly held that the order upon the motion could not be sustained for that reason. The question of whether the nonfiling of a statement could be waived or was waived was not discussed or decided in that case. This Court has held, upon a line of California cases, that, while a notice of intention is essential to a motion for a new trial in this state, such notice may be waived, and that a voluntary appearance and argument of the motion without objection would waive the notice. See *Fletcher* v. *Nelson,* 6 N. D. 94, 69 N. W. Rep. 53, and cases cited. We are of the opinion that the reasoning of the authorities last cited applies with equal, if not greater, force to the matter of the mere clerical act of filing a statement of the case. Such filing is not jurisdictional to the motion in the sense that the filing cannot be waived. The point is highly technical in its character, and hence is not to be favored. We hold that such an objection cannot be raised for the first time in this Court. See 6 N. D. 94, 69 N. W. Rep. 53, supra. Upon the merits, and for reasons already stated, the order denying the motion for a new trial and the judgment entered herein are reversed, and a new trial granted. All the judges concurring.