JESSE K. PENCE, ALBERT PENCE, Appellants, v. ADAMS, RYERSON & FLOETE, Appellees.

Pleading: SUBSEQUENT GUARANTY: *Consideration.* After defendants contracted to sell land to plaintiffs for a certain consideration, one of the defendants made a written agreement that, if a railroad was not completed to a neighboring town within two years, the defendants would repay all moneys, and plaintiffs could reconvey. *Held,* that the guaranty, being without further consideration, was not enforceable.

DEFAULT IN PAYMENT. The plaintiffs, having defaulted in payments and permited the land to be sold under foreclosure of vendor's lien, were not in a position to enforce the agreement, if valid, as they could not reconvey.

*Appeal from Clay District Court.*—HON. F. H. HELSELL, Judge.

SATURDAY, APRIL 12, 1902.

ACTION at law to recover a money judgment upon a contract for the conveyance of land. The facts are more particularly set forth in the opinion. There was judgment in the district court for the defendants, and plaintiffs appeal.—*Affirmed.*

*Robert M. Bush* and *L. E. Francis* for appellants.

*Cory & Bemis* and *Carr & Parker* for appellees.

WEAVER, J.—Without attempting to recite the allegations of the pleadings, the issues will be clearly understood by reference to the following facts, which appear from the record to be conceded: On April 25, 1896, the defendants held a contract for the purchase of a tract of land in Dickinson county, Iowa, from the Wisner Land Company, in which company the legal title was vested. On the date named, defendants entered into a written contract with the plaintiffs by which the former agreed to sell and convey said land to the latter for the sum of $24,000, of which sum $4,000 was to be paid January 1, 1897, and the remainder in certain specified yearly installments. This contract contained no other condition or provision, except for the strict and prompt payment of the several installments when due, and for a forfeiture to result from failure in such respect. At the time the contract was executed, plaintiffs also executed and delivered to defendants their promissory notes for the several installments of the agreed purchase

price of the land. On September 10, 1896, the Wisner Land Company, at defendants' request, executed a deed of the land to the plaintiffs; and plaintiffs, on their part, made their notes and mortgage to the Wisner Land Company for $11,000, and other notes and mortgage to defendants for another part of the contract price of the land. The portion of the purchase price not secured by mortgage (being the first or advance payment) was by agreement of the parties to be settled in part by the conveyance of land in Indiana, and the remainder in cash; but this arrangement was not consummated until January 6, 1897, when, as we understand the record, Ryerson, a member of the defendant partnership, went to Indiana for that purpose. While there, and in closing up the deal, Ryerson, in the name of the partnership, made a new contract with plaintiffs, reciting that "Adams, Ryerson and Floete agree to convey and do convey" the land in question to the plaintiffs for the sum of $24,000, and adding the following condition: "And this conveyance is made upon the condition and guaranty upon part of the said Adams, Ryerson and Floete that a railroad shall be constructed and completed to the town of Terril, in Dickinson county, within two years from the date of this contract," with the further provision that, if the railroad is not completed according to the guaranty, Adams, Ryerson and Floete shall repay to plaintiffs all moneys paid by them upon the purchase, and for all improvements made by them, not exceeding $2,000, and plaintiffs, in turn, shall reconvey the premises to the defendant partnership. The circumstances under which Ryerson made this contract are not fully disclosed, but it may safely be assumed that plaintiffs had for some reason become dissatisfied with the original terms of their purchase, and insisted upon guaranty of a railroad as a condition of further compliance on their part. At least, there is no attempt to show that any further consideration passed from plaintiffs to defendants, or that the terms or manner of payment of the

purchase price were in any way changed from that which was formerly agreed upon. The railroad was not constructed as guaranteed, and, before the expiration, of two years from the date of said guaranty, plaintiffs having defaulted in the payment of an installment of the purchase money due Adams, Ryerson, and Floete, the latter foreclosed their lien, and the land was sold at sheriff's sale to the defendant Adams, who obtained sheriff's deed therefor. Plaintiffs bring this action upon the contract of January 6, 1897, alleging the failure of the guaranty of a railroad, offering to convey the land to defendants, and asking judgment for the amount of their payments upon said purchase, and for the value of the improvements placed upon the land by them.

Upon the trial in the district court, and at the threshold of the argument in this court, the question is raised by the defendants whether the agreement or guaranty relied upon by appellants is supported by any consideration. Upon a full examination of the entire record as presented upon appeal, we cannot escape the conclusion that this objection is well taken. The contract as originally made by the parties, in April, 1896, expressed the terms upon which the sale was made. It is not claimed that by any omission, mistake or fraud it failed to embody the entire agreement. At a later date its provisions were, in effect, carried out, by the execution and delivery of a deed upon the one hand, and of notes and mortgages for the deferred payments upon the other, leaving nothing unadjusted except the unsecured advance payment. At this juncture plaintiffs demanded and received from a member of the defendant firm, and in its name, the agreement and guaranty upon which the claim in suit is based. There was no increase in the contract price of the land, and plaintiffs assumed no obligation, burden, or duty other than could be required at their hands by the agreement already existing between their parties. This being the case, the new contract was without any consideration to the defendants,

and cannot be enforced against them. *Ayers v. Railroad Co.,* 52 Iowa, 478; *Festerman v. Parker,* 32 N. C. 474; *Fletcher v. Nelson,* 6 N. D. 94 (69 N. W. Rep. 53); *White v. Oakes,* 88 Me. 367 (34. Atl. Rep. 175, 32 L. R. A. 592); *Cady v. Walker,* 62 Mich. 157 (28 N. W. Rep. 805, 4 Am. St. Rep. 834). This doctrine is too elementary to require extended discussion or further citation of authorities, and its application to the case at bar renders it unnecessary to examine other points made in the argument of counsel. We may say, however, that, even if the contract had been supported by a sufficient consideration, the right of plaintiffs to maintain this action would be dependent upon their ability to reconvey the title with which they have been invested by the purchase from defendants. That title in themselves they had suffered to be extinguished by the sheriff's sale, and their subsequent offer in this action to make a deed to the defendants was an idle form, upon which no claim of right can be justly founded.

The judgment of the district court is AFFIRMED.