JOHN MCLENNAN *vs.* MINNEAPOLIS AND NORTHERN ELEVATOR CO. *et al.*

| 57 | 317 |
| 78 | 175 |
| 57 | 317 |
| 81 | 304 |

Argued May 17, 1894.    Affirmed May 24, 1894.

No. 8819.

**Error without prejudice.**

Certain error *held* to have been without prejudice.

**Witness as to the market.**

A farmer is presumed to know so that he can testify to the value of crops such as he raises and sells.

**Evidence as to market values.**

In an action for conversion of personal property, evidence of its value a short time before, say a week or ten days, there being nothing to suggest a change in value meantime, is sufficient.

**Conversion, prior to demand and refusal.**

The jury may find a conversion prior to the time of the demand and refusal if the evidence indicate an earlier date for the conversion in fact.

**Principal and agent when the latter not liable for conversion.**

An agent for a bailee of property is not liable for a conversion by his principal in which he does not actually participate.

Appeal by defendants, Minneapolis and Northern Elevator Company and Wynkoop Leman, from an order of the District Court of Polk County, *Frank Ives,* J., made November 29, 1893, denying their motion for a new trial.

The defendant, Minneapolis and Northern Elevator Company is a corporation engaged in buying, storing and shipping grain at Angus. The other defendant, Wynkoop Leman, is its agent in charge of its grain house at that station. The plaintiff, John McLennan, is a farmer who in October, 1891, threshed his wheat and sent it to the station and delivered it to the company with directions to forward it by cars to S. S. Linton & Co. at Duluth for sale. Plaintiff claimed that he delivered to defendants 2,447 bushels and 45 pounds, that defendants sent forward only 2,251 bushels and he brought this action against the corporation and its agent to recover the value of the residue, 196 bushels and 45 pounds, which he claimed was converted by them. Plaintiff produced in evidence on the trial fifteen small paper cards having on them only a date and some figures. The agent Leman being called by plaintiff as a witness

under Laws 1893, ch. 105, testified that the figures were made by him and the cards delivered to the teamsters as they brought in the wheat, that the figures indicated the number of bushels and pounds brought by each.    Plaintiff testified that he delivered two additional loads, the card for which was lost by the teamster.    To prove the amount of wheat forwarded by defendants to S. S. Linton & Co. plaintiff was permitted to introduce in evidence the three reports made by that firm to him of the sale of three carloads of wheat, stating the number of bushels in each and the price at which it was sold.    But defendants afterwards proved the shipping of these three carloads and the number of bushels in each car and the proof agreed with the reports of S. S. Linton & Co. as to amount of wheat shipped.    The plaintiff testified that he was a farmer living in the vicinity of Angus and was then permitted to testify to the value of the wheat without otherwise showing that he knew the market.    Plaintiff also testified that he ordered defendants to ship the wheat at once as delivered and that they claimed at the time that they had shipped all of it. He made a formal demand in January, 1892, for the unshipped wheat and was refused.    The jury found a verdict for plaintiff against both defendants and assessed his damages at $145.    Defendants moved for a new trial but were refused and they appeal.    The discussion here was on the evidence.    There was no disagreement or discussion between counsel as to the law.

A. A. Miller, for appellants.

Edward George, for respondent.

GILFILLAN, C. J.    The slips introduced in evidence (Exhibits A to M) were sufficiently explained to show that they represented the quantity of wheat in bushels and pounds delivered on the occasions on which they were issued, and they were therefore evidence.

Whether there were, in addition, two loads of wheat for which the slips had been lost, was a question for the jury.

The error in admitting the returns of Linton & Co. was cured by the defendants' own evidence, showing how much of the wheat it shipped to that firm; and it is demonstrable from the verdict that the jury could not have taken into account the prices in the returns, so that the error was without prejudice.

The plaintiff's testimony as to the value at Angus of the wheat

at the times of its delivery to defendants—October 17th, 19th, and 20th—was competent, and, especially as it was not contradicted, was sufficient. It must be assumed that a farmer raising and selling crops knows their market value.

The jury may find a conversion prior to the time of the demand and refusal, if there be evidence to indicate an earlier date for the conversion in fact. In this case it indicates a conversion as early as the date of the last shipment by defendant to Linton & Co.,—October 25th,—when it ought to have completed the shipment. Evidence of the value within so short a time before that as the 17th, 19th, and 20th, without anything to suggest a change in value, was evidence of value on the 25th.

But no conversion by Lemen was shown. He was merely the agent of the elevator company, and, as such, received for it the wheat. He was not responsible to the plaintiff for it, nor could he be held liable for its conversion by the company. He could be liable only for an actual conversion by him, or for actual participation in a conversion by the company, and there is no evidence of either.

The order must be reversed as to Lemen, and affirmed as to the other defendant.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 628.)

Petition for reargument denied June 25, 1894.