(77 N. W. Rep. 89.)

---

WILLIAM H. BEST *vs.* WALTER MUIR.

Opinion filed June 2d, 1898.

Opinion filed on rehearing November 21st, 1898.

**Wheat Elevator—General Storage Receipts—Mortgaged Wheat—Replevin.**

> The owner of mortgaged wheat delivered the same to an elevator, and turned over to defendant, in payment of a claim, the tickets issued by the elevator company. They were general storage, and not special bin, tickets. *Held,* that defendant had no control over the identical wheat covered by the mortgage, or over the mass with which it was mingled, but could only claim from the elevator company the delivery to him of the number of bushels named in the ticket, of the grade therein specified, without reference to the scource from which the company should obtain the grain for delivery. And therefore *held,* that the mortgagee could not maintain replevin against the defendant for the mortgaged wheat, he being neither in the actual nor in the constructive possession thereof.

Appeal from District Court, Cass County; *McConnell,* J.

Action by William H. Best against Walter Muir and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Newman, Spalding & Stambaugh,* for appellant.

It is sufficient if the defendant had constructive possession of the property, that is if it was under his control at the time of demand

so that he could deliver it to plaintiff. *Gallagher* v. *Bishop,* 15 Wis. 303; *Latimer* v. *Wheeler,* 1 Keyes 468; *Dunham* v. *Tray,* 3 Keyes 543; *Bradley* v. *Gamelle,* 7 Minn. 331, 20 Am. & Eng. Enc. L. 1061. If defendant has possession of the property at the time of demand and wrongfully parts with possession before the commencement of the action, replevin can nevertheless be maintained. *Nichols* v. *Michael,* 23 N. Y. 264; *Barnett* v. *Selling,* 9 Hun. 236, S. C. 70 N. Y. 492, S. C. 3 Abb. N. C. 83; *Gassner* v. *Marquardt,* 45 N. W. Rep. 674; *Timp* v. *Dockham,* 32 Wis. 146; *Grace* v. *Mitchell,* 31 Wis. 533, 20. Am. & Eng. Enc. L. 1059 & n. Plaintiff is an endorsee in good faith of the notes before maturity and in the ordinary course of business, and therefore takes the chattel mortgage securing them relieved of equities and defenses. Jones on Chat. Morts. 503; Jones on Morts. § 834; 1 Hillard on Morts. 572, § 65; Coots on Morts 304; Powell on Morts. 908; *Gould* v. *Marsh,* 1 Hun. 566, 15 Am. & Eng. Enc. L. 855, 2 Cobby Chat. Morts. 655; *Graham* v. *Blinn,* 30 Pac. Rep. 446; *Meyers* v. *Hazzard,* 50 Fed. Rep. 155; *Updegraff* v. *Edwards,* 45 Ia. 513; *Dutton* v. *Ives,* 5 Mich. 515; *Helen* v. *Krolick,* 36 Mich. 371; *Webb* v. *Hazelton,* 4 Neb. 305; *Burhans* v. *Hutchinson,* 25 Kan. 625; *Logan* v. *Smith,* 62 Mo. 455; *Hagaman* v. *Sutton,* 91 Mo. 519; *Lewis* v. *Kirk,* 28 Kan. 497; *Gabbert* v. *Schwarts,* 69 Ind. 149; *Muir* v. *Beckshin,* 52 Ind. 149; *Carpenter* v. *Lougan,* 16 Wall. 273; *Dearman* v. *Trimmier,* 2 S. E. Rep. 506.

*Pollock & Scott,* for respondents.

There is no evidence that respondent had possession of the wheat tickets when this action was brought. Proof of possession in October creates no presumption of possession the following April. *Bethel* v. *Lyon,* 30 N. W. Rep. 84. Replevin will not lie except against one in possession of the property when the action is begun. *Willis* v. *DeWitt,* 3 S. D. 281, 52 N. W. Rep. 1090; *Peale* v. *Garlock,* 28 N. W. Rep. 155; *Davis* v. *Van de Mark,* 25 Pac. Rep. 589; Cobbey on Replevin, § § 431-433. Clark, while the owner of the mortgage, consented to the transfer of the wheat from Ballinger to Muir. Under this parole license the title passed by sale to Muir, released of the mortgage lien. *Frick Company* v. *Western Star Co.,* 32 Pac. Rep. 1103; Cobbey Chat. Morts. § 637. Plaintiff is in no better position than Clark would have been had the mortgage not been assigned. Pomeroy Equity (2d ed.) § § 704 & 1210; *Oster* v. *Mickley,* 28 N. W. Rep. 710; *Kleeman* v. *Frisbie,* 63 Ill. 482; *Bryant* v. *Vix,* 83 Ill. 11; *Baily* v. *Smith,* 14 Ohio St. 396; *Hoogland* v. *Shampanore,* 37 N. J. Eq. 588.

CORLISS, C. J. Plaintiff is seeking to recover the possession of certain wheat, which he claims under a chattel mortgage. The mortgage was given to him by David Ballinger, who raised the grain. Ballinger had a contract with the defendant for the purchase from him of a quarter section of land in this state; and under the contract Ballinger took possession of the land, and raised

thereon the wheat in question. Assuming for the purposes of the disposition of this case that the plaintiff was entitled to the possession of the property at the time the action was commenced, still it is obvious, under the undisputed facts, that he is proceeding against the wrong party defendant. Replevin will not lie against one who has neither actual nor constructive possession of the property. It is true that the property need not be physically within the defendant's possession. It is sufficient if it is within his legal control, although it be actually held by another,—as, for instance, when an agent holds property for his principal. But in the case at bar the defendant neither held the wheat itself, nor controlled the possession thereof. It was delivered by Ballinger to an elevator, and ordinary storage tickets were issued, obligating the warehouseman to deliver to the holder thereof, not the identical wheat, or even wheat from the same mass with which it was commingled, but only an equal amount of grain of the same grade, to be delivered out of any wheat which the warehouseman might have on hand at the time the holder of the ticket should demand performance of the contract. While the tickets themselves were not introduced in evidence, one of the witnesses testified, without objection, as follows: "The tickets issued were storage tickets,—general storage tickets, and not special bin tickets. On these tickets the company would deliver only wheat of the same grade. The wheat could not be identified." The defendant did not take the grain to the elevator, and never exercised any control thereover before it reached such elevator. If he has ever had any control over the possession of the grain, it has been solely by virtue of the tickets issued by the elevator company when the wheat was deposited. What control did those tickets give him over the wheat covered by plaintiff's mortgage? It is not enough that they entitled him to receive from the elevator company a number of bushels of grain equal to that deposited, and of the same grade. The plaintiff is seeking to recover possession of the property on which he held a mortgage, and he must show that defendant at least controls the possession thereof, or of a mass of grain with which the particular wheat has been mingled. If this mortgaged wheat had been placed in a particular bin, with other wheat, and the tickets issued entitled the defendant to take the wheat represented thereby from that particular mass, it might well be said that he had control over the grain mortgaged. But no such case is before us. We take judicial notice of the ordinary course of business in storing grain, and delivering the same upon storage tickets issued therefor. Unless it is stipulated in the contract that the identical grain shall be redelivered, or that grain from the particular mass with which it was mingled shall be redelivered, the warehouseman is at liberty to procure from any source the grain with which to make good his contract. The evidence in the case is explicit that the tickets were general storage tickets, and not special bin tickets, and that they did not bind the

company to deliver the same grain, or grain from the mass with which that grain was mingled, but only the same kind of grain, of the same grade. What control, then, did defendant ever have over the mortgaged wheat which was delivered to the elevator? He could not go with his ticket to the elevator, and demand the identical grain, or insist that the wheat called for by his ticket be delivered to him from the particular mass with which that wheat was mingled. All he could claim was that he be given, from such source as might suit the convenience of the company, the number of bushels of wheat named in the tickets, of the grade therein specified. To say that one so situated with respect to mortgaged property has any control thereover is to confound all legal distinctions. Ballinger, when he directed that certain of the wheat tickets should be issued and delivered to defendant in discharge of his obligations to defendant, turned over to defendant the proceeds of mortgaged property; and it might be that in a proper suit in equity the plaintiff could follow into defendant's hands such proceeds, and subject them to the lien of his mortgage. But this is not such an action. It is an action at law to recover possession of the grain mortgaged, on the theory that defendant has the specific property under his control. If after six months' time the defendant can be said to have constructive possession of the mortgaged property, then his remotest assignee could likewise be said to be in possession thereof at the end of a dozen years. All that defendant did was to accept from Ballinger, in payment of a claim against him, the obligation of the elevator company to deliver to defendant a certain number of bushels of wheat, of a particular grade. There has never been a moment of time during which he has exercised any control over the wheat covered by the plaintiff's mortgage. The elevator company has had possession thereof, and plaintiff could have maintained replevin against it, had he been able to show that, at the time of the commencement of the suit against it, it still had possession of the identical grain, although mingled with other wheat in its warehouse. And, if such company has so dealt with the property that replevin will not lie, then it is liable for the conversion thereof, —provided, of course, the plaintiff is entitled to the possession of the same. That point we do not decide in this case, as the decision thereof is unnecessary. Nor could we here settle it so as to bind a stranger to this suit. We merely assume plaintiff's right to the property, and yet decide that he is proceeding against the wrong party defendant, considering the nature of his action. Plaintiff has at no time evinced a desire to change this action by an amendment of his complaint into an action of a different character. On the contrary, his counsel assert, on the very threshold of their brief in this Court, that it is an action of replevin, and nothing else. We have deemed it unnecessary to cite authorities, for the principles which govern this decision are among the very elements of the law.

The judgment of the District Court is affirmed. All concur.

### ON REHEARING.

WALLIN, J. Upon the petition of plaintiff's counsel a rehearing was granted in this action, and the case was again fully argued at the present term. Our views remain unchanged. In the opinion formulated by the late Chief Justice Corliss, this Court said: "Assuming for the purposes of the disposition of this case that the plaintiff was entitled to the possession of the property at the time the action was commenced, still it is obvious, under the undisputed facts, that he is proceeding against the wrong party defendant." This point, being in our opinion well taken, is necessarily decisive of the case. Upon the reargument, counsel urged that if it be held that the plaintiff cannot recover the grain itself, under the complaint, which is strictly a complaint in replevin, nevertheless, as counsel contend, the plaintiff should be allowed to recover the value of the grain, under the same complaint. Counsel strenuously contend for the liberal rules of construction which prevail in code pleading, and insist that, governed by such rules, the allegations of the complaint are broad enough to allow the plaintiff to recover either the wheat in specie, or its value in money. But it is clear to this Court that the crucial question in this case is not one of pleading. The controlling facts as stated in the original opinion are not in dispute. The defendant at no time had actual possession of the grain covered by the plaintiff's mortgage, and long prior to the commencement of this action the defendant had disposed of the elevator tickets in question. But let us suppose that the complaint was sufficient as a complaint in conversion, and further suppose that plaintiff made demand for the wheat of defendant, and commenced this action, while the elevator tickets still belonged to the defendant and were in his possession. Under these suppositions, could plaintiff recover the value of the wheat? We think not. To recover in such an action, it is incumbent upon the plaintiff to show that the defendant at some time had the actual or the constructive possession of the property. Just here the plaintiff fails in his proof; and this, regardless of any defect in the complaint. The evidence conclusively shows that the defendant at no time had either the actual or the constructive possession or control of the specific grain covered by the plaintiff's mortgage. Defendant at one time had certain elevator tickets, but these would not have entitled the defendant to demand of the elevator company the wheat covered by the plaintiff's mortgage, or any specific wheat. While it is true that under chapter 130 of the Laws of 1887, as amended by section 1 of the Laws of 1889, an elevator receiving wheat for storage becomes a mere bailee of the wheat, yet the bailment is of such a peculiar character that the elevator company can fully discharge its obligations to the ticket holder by a delivery of grain of the same kind, grade, and quantity as that delivered by the bailor. Section 9, c. 130, Laws 1887, declares that "nothing in this section shall be construed to mean the delivery of the identical grain specified in the receipt." It therefore clearly appears that

the defendant, as a storage-ticket holder, did not have any constructive possession of the grain in question, or of any specific grain. Under such circumstances it is entirely clear that an action would not lie against the defendant for the value of the grain covered by plaintiff's mortgage.

(77 N. W. Rep. 95.)

