CHARLES A. JOHNSON v. JOSEPH H. MARTIN and Another.[1]

November 14, 1902.

Nos. 13,103—(123).

### Conversion—Factor—Defense.

In an action, as for conversion, brought against a factor by the true owner of personal property which has come to the possession of the former by the criminal act of another person, has been sold by him, and the proceeds received and paid over to the criminal, less expenses and commission, it is no defense that the factor acted throughout the entire transaction in good faith, without negligence, and in the supposition that the criminal was the real owner of the property.

### Negligence of Carrier—Forgery.

The owner may recover its value of the factor, although a common carrier was guilty of negligence in permitting the property to be diverted from its true destination by means of a forged waybill, and placed in the possession of the factor through a forged bill of lading.

Action in the district court for Hennepin county to recover $738.59, and interest, for the conversion of a carload of wheat. The case was tried before Brooks, J., who found in favor of plaintiff for the sum of $642.80 and interest. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Thomas Canty,* for appellants.

If the agent did not take part in the original trespass of taking the goods, but innocently, in good faith and without negligence on his part, received the goods from his principal, he is not liable to the true owner. Leuthold v. Fairchild, 35 Minn. 99; McLennan v. Minneapolis & N. Ele. Co., 57 Minn. 317. The mere diversion by the carrier of the wheat from its proper route with the intent to deliver such wheat to one not authorized to receive it, was a conversion by the carrier. Brown & Haywood Co. v. Pennsylvania Co., 63 Minn. 546; Railroad v. O'Donnell, 49 Oh. St. 489; 5 Am. & Eng. Enc. (2d Ed.) 231, 232. Then Wasser, alias Pratt, had already through the railroad company converted this wheat and

1 Reported in 92 N. W. 221.

had it in his possession before these defendants ever interfered in any manner with it. The possession of these defendants was merely as agents, the possession of their principal, Wasser, and was received from him through the railway company. While so holding possession as his agents, these defendants were estopped from denying his title. 1 Am. & Eng. Enc. (2d Ed.) 1091. A commission merchant taking a small commission for his services is not liable for receiving from his principal and selling in the ordinary course of business, merchandise not the property of his principal. Abernathy v. Wheeler, 92 Ky. 320; Roach v. Turk, 9 Heisk, 708; followed in Frizzell v. Rundle, 87 Tenn. 757; see also Travis v. Claiborne, 5 Munf. 435; Mires v. Solebay, 2 Mod. 242; Berry v. Vantries, 12 Serg. & R. 89.

*Savage & Purdy*, for respondent.

The fact of agency is not a defense to an action of trover, where the agent has assumed any personal responsibility of his own and exercised dominion over the property in an independent business. Auctioneers: Hoffman v. Carow, 22 Wend. 285, affirming 20 Wend. 21; Coles v. Clark, 3 Cush. 399; Robinson v. Bird, 158 Mass. 357. Commission merchants: Cerkel v. Waterman, 63 Cal. 34; Marks v. Robinson, 82 Ala. 69. Brokers: Williams v. Merle, 11 Wend. 80; Anderson v. Nicholas, 5 Bosw. 121; Swim v. Wilson, 90 Cal. 126; Fort v. Wells, 14 Ind. App. 531; Arkansas v. Cassidy, 71 Mo. App. 186, 199; Bercich v. Marye, 9 Nev. 312. Miscellaneous cases of agency: Spraights v. Hawley, 39 N. Y. 441; Wing v. Milliken, 91 Me. 387; Knapp v. Hobbs, 50 N. H. 476; Cernahan v. Chrisler, 107 Wis. 645; Hill v. Campbell, 54 Neb. 59; Koch v. Branch, 44 Mo. 542; Lee v. Mathews, 10 Ala. 682; Miller v. Wilson, 98 Ga. 567.

It is true there are certain quasi-exceptional cases—which are by no means out of harmony with the proposition of law as we have stated it,—where good faith and want of notice may protect an agent. But they do not conflict with the authorities we have cited. Such cases occur: (1) Where personal property is simply left on deposit, and is returned to the bailor without notice; (2) where common carriers accept property merely for transportation, and deliver the same without notice to the consignee; (3) where

a right of possession or trust is vested in the principal by the true owner, so that a privity and an apparent authority exist through the act of the owner himself; (4) where a servant acts under the direct control of his master and not in any way independently for his own benefit.

In this case there is no element of the law of master and servant. The finding that the sale was made "according to the usual course of business as such brokers," further implies that it was made in their own name, and that they warranted the title. Ex parte Dixon, 4 Ch. Div. 133, 136, 137; Schell v. Stephens, 50 Mo. 375, 379; Nichols & Shepard Co. v. Minnesota Thresher Mnfg. Co., 70 Minn. 528. See Barker v. Furlong, L. R. 2 Ch. Div. (1891) 172; Consolidated v. Curtis, L. R. 1 Q. B. Div. (1892) 495; 3 Am. & Eng. Enc. (1st Ed.) 317, and note 317–319.

Neither good faith nor innocent intentions constitute any defense, except in the classes of cases already indicated. Williams v. Merle, supra; Hoffman v. Carow, supra. The disposing or assuming to dispose of another man's goods without his authority is the gist of this action. Stephens v. Elwall, 4 Maule & Sel. 259; Everett v. Coffin, 6 Wend. 603, 609; Coles v. Clark, 3 Cush. 399, 402; Robinson v. Bird, 158 Mass. 357, 360; Swim v. Wilson, 90 Cal. 126, 129; Spraights v. Hawley, supra.

That the railway company might be subject to a suit as well, constitutes no defense for appellants; since all persons guilty of conversion are alike liable in trover, and it has been expressly held that either one of successive carriers, or the consignee, may be sued under such circumstances. Dickson v. Merchants, 44 Mo. App. 498, 504; Foy v. Chicago, M. & St. P. Ry. Co., 63 Minn. 255; 26 Am. & Eng. Enc. (1st Ed.) 778–779.

COLLINS, J.

. This action was brought to recover the value of a car load of wheat, and the essential facts are undisputed. In September, 1900, plaintiff was the owner of the wheat in question, and shipped it by rail from Running Water station, in South Dakota, to Milwaukee, Wisconsin, receiving from the carrier a bill of lading; the consignees being plaintiff's agents at Milwaukee. When the car

reached Canton, another station on the line of road, one Wasser unlawfully obtained possession of the accompanying waybill, and substituted a forgery, which, in terms, consigned the car from one C. B. Pratt to defendants, who were grain brokers or factors in Minneapolis. Wasser also forged a bill of lading purporting to bear the signature of the carrier's authorized agent at another station, in which Pratt was named as consignor, and these defendants as consignees. Under the assumed name of C. B. Pratt, Wasser mailed this forged bill of lading from a town in Iowa to defendants at Minneapolis, directing them to sell the wheat upon his account and remit the proceeds. Pursuant to the forged waybill, the car was diverted from its proper destination to Minneapolis, and delivered to defendants upon their payment of freight charges and surrender of the forged bill of lading. They sold the wheat, and accounted to Wasser, under the name of Pratt, for the proceeds, less the freight charges, inspection fees incurred, expenses of handling, and a commission to themselves of $9.71. They acted in entire good faith, supposing that the bill of lading was genuine, and that their correspondent was the real owner and actual consignor of the property. They were not guilty of any negligence, according to the findings. The appeal is from a judgment in favor of plaintiff entered upon the findings of fact, and a conclusion of law that he was entitled to recover the value of the wheat.

Counsel for defendants relies mainly upon Leuthold v. Fairchild, 35 Minn. 99, 27 N. W. 503, 28 N. W. 218, and McLennan v. Minneapolis & N. Ele. Co., 57 Minn. 317, 59 N. W. 628, and practically concedes in his brief that, if the opinions in these cases sustain his contention, they are against the weight of authority in this country, as well as in England. There can be no doubt of this. But the present case is wholly unlike those referred to. The plaintiff's wheat, through no act of his own, but through the rascality of Wasser, and possibly the negligence of the common carrier, passed into the possession of these defendants. They were not mere agents for, or servants of, Wasser, disposing of paper evidences of title to the property while it was actually or constructively in the possession of the latter. Through the forgeries the grain itself

was delivered to defendants, and apparently they acquired a special property therein for the advances made, expenses of sale, and services rendered. They could have maintained an action of claim and delivery if this grain had been withheld from them by any one except the true owner. As factors, they could not only insure it for full value, but could sell it in their own names; such a sale being in the usual course of business. A purchaser could implicitly rely upon defendants' responsibility as factors, and had the title failed, as to such purchaser, he would have a remedy against them for the full value of the property. A sale under such circumstances is an exercise of dominion over the property in defiance of and to the exclusion of the rights of the owner, and such exercise of dominion constitutes a conversion upon which an action may be based. The defendants acted as factors or commissionmen, and their liability to plaintiff is fixed by their acts, not by what they might be called when performing these acts, or designated by the trial court in its findings.

On the facts, the case is controlled by Dolliff v. Robbins, 83 Minn. 498, 86 N. W. 772. Although the question of the extent of the liability of a commission merchant, who merely acted as an agent in the matter of receiving and disposing of goods shipped to him, was not there passed upon, it was expressly held, upon a state of facts not distinguishable from those now before us, that Leuthold v. Fairchild was not in point.

In the case last referred to, the defendant bank was merely a medium through which payment for certain grain was obtained for the consignor. There was not, nor was there in McLennan v. Minneapolis & N. Ele. Co., supra, that delivery of possession of the property, that independent exercise of dominion over it, and that personal interest in the proceeds of the sale, which are found here.

These defendants were not acting simply as servants in collecting money for another. They were connected with the property in a wholly distinctive character, and in their own behalf, with all the powers, duties, and rights of factors, including qualified ownership. They disposed of property which had been taken from the true owner by the criminal acts of Wasser, they received the proceeds of their sale, and cannot justify their acts by claiming

good faith, and ignorance of the fact that Wasser was the original wrongdoer, and that they have accounted to him. What was said in Swim v. Wilson, 90 Cal. 126, 27 Pac. 33, is quite appropriate here, as follows: "It is a matter of everyday experience that one cannot always be perfectly secure from loss in his dealings with others, and the defendant here is only in the position of a person who has trusted to the honesty of another, and has been deceived. He undertook to act as agent for one who, it now appears, was a thief, and, relying on his representations, aided his principal to convert the plaintiff's property into money; and it is no greater hardship to require him to pay to the plaintiff its value, than it would be to take the same away from the innocent vendee, who purchased and paid for it." The true owner of property appropriated by another person can, under such circumstances, follow and reclaim it wherever found and identified; and he can hold any person responsible, as for conversion, who has assumed the right to sell it and give possession.

This court, in disposing of this case, must be governed by the well-settled principles of law, and cannot grant immunity to defendants because of the hardship which arises from a liability; nor can it be influenced by the fact that a negligent common carrier might have been subjected to an action for the value of the wheat, or, as claimed by counsel, that the action to recover such value ought, in justice, to have been brought against the carrier instead of defendants.

Judgment affirmed.