STATE OF NORTH DAKOTA EX REL. C. ERTELT, Joseph Kunze, John Gruman, Louise Gruman, Joseph Gruman, Charles Gruman, Mary G. Kunze, and Martha G. Daniels v. FRED DANIELS, Richard Adcock, and Christ Myrhow.

(159 N. W. 17.)

Action for the benefit of ticket holders to collect sureties upon a warehouseman's statutory bond for a default in redemption of grain tickets; *Held:*

Warehouseman's bond — sureties — action — for default in redemption of grain tickets — complaint — demurrer.

1. That the complaint states a cause of action, and the demurrer thereto was properly overruled.

Warehouseman — stored grain — may sell — demand for same — like grain substituted — conversion — basis of action for — ticket holder.

2. While, under § 3113, Comp. Laws 1913, the warehouseman may sell stored grain and upon a demand for the delivery of grain stored substitute like grain therefor, yet the ticket holder need not make a demand in the alternative for the same grain or that of an equal grade as a basis for conversion, where the ticket holder has demanded the return of his grain or payment of its value.

Demand — for grain or its value — warehouseman — burden — redelivery.

3. A demand for the grain or its value throws upon the warehouseman

the burden of offering substituted grain if he would not or cannot redeliver to the ticket holder the identical grain stored.

**Storage ticket — holder of — warehouseman — bailment — title of grain — in ticket holder — demand for grain — official bond — breach.**

4. As between the holder of the storage ticket and the warehouseman there exists a bailment, with the title of the particular grain in the holder of the ticket. Hence refusal to comply with the demand for delivery of stored grain sufficiently lays a basis for conversion in such respect as against the warehouseman and his sureties upon the breach of his official bond.

**Default — proof — bond — certified copy — evidence — objections — in supreme court — waived — original bond — copy — sufficient.**

5. Upon default and proof made by plaintiffs there was received in evidence without objection the warehouseman's bond, certified by the secretary of the board of railroad commissioners as "a true copy of the bond now on file in the office of" said board. Appellants now claim the same to have been inadmissible and insufficient as proof of the cause of action. *Held:*

(a) As no objection was made to the reception of this evidence, all objections thereto are waived.

(b) In any event, the statute governing the admission of certified copies of such official bonds was sufficiently complied with. And the copy constituted sufficient proof of the contents of the original bond.

Opinion filed May 31, 1916. Rehearing denied September 6, 1916.

Appeal from the District Court of Barnes County, *Coffey,* Judge. Affirmed.

*M. J. Englert,* for appellants.

That the plaintiff here demanded a return of his identical grain, and the warehouseman refused to return to him such grain, cannot be questioned. The statute in no sense authorized plaintiff to demand a return of his grain "so stored in the elevator." Comp. Laws 1913, § 3113.

Plaintiff should have demanded a return of the "kind, quality, and quantity" of the grain stored by him. This is the clear import of the statute. Baker v. Born, 17 Ind. App. 422, 46 N. E. 930; Marshall v. Andrews, 8 N. D. 368, 79 N. W. 851; Comp. Laws 1913, § 3116.

Warehousemen's bonds are to protect the holders of outstanding tickets. Comp. Laws 1913, § 3111.

Where grain is so stored, the statutes do not regard it as a sale. This law is for the protection of ticket holders for stored grain. Comp. Laws 1913, §§ 3112, 3113.

*Winterer & Ritchie,* for respondents.

The law does not contemplate that the demand shall be made in any particular form or words, but the demand for the grain is sufficient in itself, when the language used conveys to the party of whom the demand is made the meaning of the one making the demand. Pattee v. Gilmore, 18 N. H. 460, 45 Am. Dec. 385; Sandefur v. Mattingly, 16 Ark. 237.

Where a complaint shows plaintiff to be entitled to any relief, it is sufficient to repel a demurrer. The bond in question does not form a basis for the action.

It is the receiving and storing of the grain, the demand for it, and the refusal to deliver, which constitute the conversion,—the cause of action. The sureties and the bond are mere incidents to the main cause of action. Hoskins v. Northern P. R. Co. 39 Mont. 394, 102 Pac. 988; Indianapolis v. American Constr. Co. 176 Ind. 510, 96 N. E. 608;. Carthage Nat. Bank v. Poole, 160 Mo. App. 133, 141 S. W. 729; Hall v. Bell, 143 Wis. 296, 127 N. W. 967; Disbrow v. Creamery Package Mfg. Co. 104 Minn. 17, 115 N. W. 751; Matteson v. Wagoner, 147 Cal. 739, 82 Pac. 436; Sand Point v. Doyle, 11 Idaho, 642, 4 L.R.A.(N.S.) 810, 83 Pac. 598; Lamoure v. Lasell, 26 N. D. 638, 145 N. W. 577.

A bond, such as is here involved, is not the basis of the suit in which the sureties are made parties. Coffinberry v. McClellan, 164 Ind. 131, 73 N. E. 97; Realty Revenue Guaranty Co. v. Farm, Stock & Home Pub. Co. 79 Minn. 465, 82 N. W. 857; Malheur County v. Carter, 52 Or. 616, 98 Pac. 489; Hayt v. Bentel, 164 Cal. 680, 130 Pac. 432.

The fact that a complaint refers to a given paper as an exhibit attached, and the exhibit is not attached, does not make the complaint bad for such reason. Wall v. Galvin, 80 Ind. 447; Lynah v. Citizens' & S. Bank, 136 Ga. 344, 71 S. E. 469; Budd v. Kramer, 14 Kan. 101; New Idea Pattern Co. v. Whelan, 75 Conn. 455, 53 Atl. 953.

The remedy in such case is by motion to make more definite. Hadley v. Garner, 116 App. Div. 68, 101 N. Y. Supp. 777; De Galindez v. Ennis, 149 Fed. 911.

The defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. By so demur-

ring they admit the truth of all that is well pleaded in the complaint. Foster County Implement Co. v. Smith, 17 N. D. 178, 115 N. W. 663; Baldwin v. Aberdeen, 23 S. D. 636, 26 L.R.A.(N.S.) 116, 123 N. W. 80.

Goss, J.   This is an action to recover of the sureties on a warehouseman's bond for the benefit of holders of storage tickets of grain, upon warehouseman's default in redeeming them.   The complaint recites that one Lillethun owned and operated a public warehouse and elevator at Cuba, in Barnes county.   That he had furnished the warehouseman's statutory bond in the sum of $5,000, approved and filed, as provided by law, with the commissioners of railroads.   That defendants were sureties thereon.   That thereafter, at times stated during said year, Ertelt, Kunze, John Gruman, and Joseph Gruman delivered wheat in amounts stated, the elevator accepting it and issuing storage tickets therefor.   That after demand therefor said elevator failed to redeliver said wheat to said ticket holders or pay them its value.   That Lillethun is without property and has fled the country.   Lillethun's default is pleaded as to each claimant in substantially the following language: "That during the time last above mentioned, and while said Lillethun was operating and conducting the said elevator, he received in store from relator Ertelt, 1,035 bushels of wheat, and upon the receipt and storage thereof did issue the said Ertelt his storage tickets therefor; that about the 26th day of June, 1910, and while Lillethun was engaged in the business of a public warehouseman, Ertelt did, at said elevator, make demand upon Lillethun for the return to him, Ertelt, of said grain so stored in the elevator of Lillethun; and that Lillethun did then and there refuse to return, or to offer to return, to him the said grain so stored by Ertelt, and that Ertelt did thereupon demand of Lillethun payment for said grain so stored by him in the elevator owned by Lillethun, and did then and there agree with said Lillethun that the value of the grain, less all charges, was the sum of $847.68, the payment whereof the said Lillethun did then and there and at all times since has refused, neglected, and failed to make, and that the said Lillethun has converted the said grain to his own use."   The complaint was demurred to as not stating facts sufficient to constitute a cause of action.   The demurrer was overruled.   The sureties appeal.

Their claim is that no default against the warehouseman is pleaded. They claim no conversion by him is shown of the grain for which the warehouseman's receipts were issued. That as § 3113, Comp. Laws 1913, provides that "nothing in this section shall be construed to require the delivery of the identical grain specified in the receipt so presented, but an equal amount of the same grade of grain or in lieu thereof a receipt issued by a bonded warehouse or elevator company doing business at terminal points for an equal amount of grain of the same grade; provided that grain placed in a special bin be excepted from the provisions of this section," it is claimed that to constitute conversion the demand for the grain must have been in the alternative, i. e., for the identical grain or for an equal amount of the same grade. That a failure or refusal to deliver the identical grain upon the demand therefor pleaded does not constitute conversion by the warehouseman for failure to comply therewith.

This statutory provision does not impose any additional burden as to demand upon the storage ticket holder for the return of grain or its equivalent. Rather the statute grants a privilege to the warehouseman of which he may avail if he does not have the identical wheat stored with him for redelivery. But the privilege is one that he must claim; not one that the ticket holder must negative by an alternative demand. In this connection it should not be overlooked that under § 3114, the delivery is a bailment, and not a sale, and that primarily in contemplation of statute the warehouseman has, or is presumed to have, the identical grain in store. And, as is stated in Marshall v. Andrews, 8 N. D. 364, 79 N. W. 851, in construing these same statutes, "While the statute recognizes the right of the bailee to at once ship the grain out of the warehouse, yet *as between the bailor and bailee the title to that particular grain remains in the bailor.*" Consequently, when the bailor demands his grain as title holder and owner, that grain must be furnished or the privilege offered by the statute to furnish like grain of the same grade must be availed of and a substitution offered. The burden is upon the warehouseman to offer the substitution if he would avail himself of the privilege and escape liability for a return of the same grain received, title to which as between him and the ticket holder remains in the latter. Therefore, when plaintiff demanded his wheat or its value, in case that demand could not be met, he made a

demand as broad as he was obliged to make to place the bailee of his grain in default as for a conversion of it upon neglect or refusal to comply with the demand made. A default of the warehouseman therefore is pleaded.

The second point made is that there is nothing in the complaint to show payment or tender of any charges for storage of the grain at the time that a demand for its return or payment was made. The elevator having the grain had the right to make a deduction for storage charges, either in grain or in cash. It was not incumbent upon the person holding the storage ticket to make a tender. The court will take judicial notice of the usual practice prevailing throughout the state for the warehouseman to make such deductions for storage and insurance upon settlement with the ticket holder. Besides the warehouseman by the agreement set up waived charges and stipulated the amount due the ticket holder, but defaulted in payment of the agreed amount due him.

The next assignment pertains to the failure to attach to the complaint, as a part thereof, the bond sued on, although the complaint was drawn in terms reciting that it had been so attached as "exhibit A." The complaint recites the giving of the statutory bond in the penal sum of $5,000, as a public warehouseman's bond duly filed with and approved by the proper board therefor as custodian thereof; that said warehouseman owned and operated the elevator and was licensed by the state as a public warehouseman. That the defendants were his sureties upon his official warehouseman's bond, and the principal's default thereunder by his conversion of grain stored. This sufficiently pleads their liability as sureties. Upon findings as broad as the complaint in this respect the only conclusion of law to be drawn would be that the sureties were liable as such within the amount of the bond for its breach by the warehouseman. While the bond is a contract, nevertheless, the provisions of that contract are defined by law providing for and requiring its execution, delivery, and approval.

A further assignment is taken to the ordering of judgment upon the proof presented. Upon the overruling of the demurrer the defendants elected to stand upon the issue presented on the demurrer, and did not answer or participate further in the trial. But plaintiff offered proof, held by the court sufficient, to establish the facts pleaded in the complaint, and thereupon directed a verdict. A copy of the bond given by

Lillethun and signed and acknowledged by the defendant sureties was received in evidence, without objection of course. To the copy was affixed the following certificate:

This is a true copy of the bond now on file in the office of the board of railroad commissioners.

Thomas Hall, Secretary,

—with seal affixed.

Appellants claim that ."this does not make this exhibit admissible in evidence, that this is not an official document and hence cannot be proved by a copy thereof, as provided by statute with reference to how official documents may be proved; that this exhibit would only be admissible in evidence, in its present condition, if the statute had so provided; that there is no provision in the statute permitting such evidence under such proof or under such circumstances."

It will be noticed that this is but an objection going to the admissibility of the proof already received in evidence, without objection on that score. It was evidence of what it purported to contain, irrespective of its authentication, and, once received, its weight was for the jury. But warehousemen's bonds given under the provisions of the statute are official bonds exacted by law, and as such are admissible when certified by the official custodian, under subdivision 6 of § 7919, which provides that official documents may be proved as follows: "Documents of any other class in this state, by the original or by a copy certified by the legal keeper thereof." This bond offered was sufficiently authenticated. Had the certificate read: "This is a true copy of the original bond now on file in the office of the railroad commissioners," the certificate would have been technically correct. The same thing is meant, although the word "original" is omitted. The bond was admissible in evidence, even against the objections made, none of which objections however were taken. We do not pass upon the necessity of making the proof of execution and delivery of the bond to support this judgment for a money demand. Assuming that necessity, the proof is sufficient. The judgment appealed from is in all things affirmed, with costs.