## W. C. TORGERSON v. QUINN-SHEPHERDSON COMPANY.[1]

January 9, 1925.

No. 24,149.

**Trover and conversion—demand.**

1. A rightful demand of possession of personal property and a wrongful refusal establish a conversion; but if there is an actual conversion a demand is not essential to the maintenance of an action therefor.

**Actual conversion of grain by elevator company.**

2. The evidence sustains a finding of actual conversion of grain stored in an elevator, mingled with other grain, and subsequently sold and shipped by the elevator company, enough grain not being retained to replace the stored grain; and this, under the facts of the case, although the elevator company had the right under the statute to replace the stored grain with other like grain within a limited period.

**When elevator company cannot pass good title to grain.**

3. Under the statute the storage of grain with an agreement to return an equal amount in kind constitutes a bailment and not a sale; and the elevator cannot pass good title, even to a bona fide purchaser, to grain in the elevator when it is less in amount than the stored grain.

**Consent of owners of grain not proved.**

4. The evidence did not require a finding that the owners of the stored grain consented to the sale so that a good title passed.

[1]Reported in 201 N. W. 615.

**Right of action not affected by emptying elevator of grain.**

> 5. The elevator was emptied of grain before the sale to the defendants. This fact does not affect the right of recovery for a conversion of grain stored before.

**Storage was not a sale because of failure to give bond.**

> 6. That the elevator company did not give a bond, as required by statute, did not make the storage a sale.

Action in the district court for Hennepin county to recover $1,199.34 for conversion of grain. The case was tried before Salmon, J., who ordered judgment in favor of plaintiff. From the judgment, defendant appealed. Affirmed.

*Fowler, Carlson, Furber & Johnson,* for appellant.

*Van Fossen & Garrigues,* for respondent.

DIBELL, J.

Action to recover for the conversion of two carloads of oats. There was judgment for the plaintiff. The defendant appeals.

Between August 21, 1920, and June 21, 1921, various persons stored with the New Prairie Farmers Elevator Company, a local elevator, 3,708 bushels of oats, and received the usual storage receipts. The plaintiff is the assignee of the receipts.

On June 21, 1921, the defendant purchased of the elevator company a carload of oats, and on June 30, 1921, another. They were shipped to the defendant and by it sold. After the purchase by the defendant, 148 bushels were left in the elevator. The court found a conversion of the oats stored by the plaintiff's assignors, 3,708 bushels, less the 148 bushels, and directed judgment accordingly.

1. There was no demand upon the elevator company nor upon the defendant. The defendant claims that a demand was essential to the maintenance of the action.

A rightful demand and a wrongful refusal to deliver establish a conversion; but if there is an actual conversion a demand is not necessary. Kronschnable v. Knoblauch, 21 Minn. 56; Adams v. Castle, 64 Minn. 505, 67 N. W. 637; Brandenburg v. Northwestern

Jobbers Credit Bureau, 128 Minn. 411, 151 N. W. 134, L. R. A. 1915D, 474; Wellberg v. Duluth Auto Supply Co. 146 Minn. 29, 177 N. W. 924; Dunnell, Minn. Dig. § 1942.

2. The rule stated is applicable here. After the defendant purchased the oats there were no oats in the elevator, save 148 bushels, and for those allowance was made.

The storage receipt, issued pursuant to L. 1919, p. 258, c. 254, § 5, and the various amendments following, now embodied in G. S. 1923, § 5063, contained this provision:

"This grain has been received and stored with grain of the same lawful grade. Upon the return of this receipt and payment or tender of stated lawful charges accrued up to the time of said return of this receipt, the above amount, kind and grade, of grain will be delivered within the time prescribed by law to the person above named or his order, either from this warehouse or if the owner so desires, in quantities not less than a carload on track at any terminal point upon the same line of railway within this State, designated by said owner," etc.

The time prescribed by law for delivery is fixed at 24 hours after demand. L. 1919, p. 259, c. 254, § 6; G. S. 1923, § 5065.

After the sale of the two carloads the elevator company did no business of moment. The manager soon moved away and the business was at an end. There was no station at the elevator, only a siding. There was no other elevator there. The elevator was a small one and served a limited area. It was a place for shipping out grain, not for shipping in. It is fairly evident that a demand would have been unavailing. There was an actual conversion; or at the least a finding to that effect is sustained.

The case of Nicholson v. H. Poehler Co. (D. C.) 284 F. 992, cited and much relied upon by the defendant, is not of force if there was an actual conversion.

3. The storage of the oats with an agreement to return an equal amount in kind though not the identical oats deposited constitute a bailment. This is the direct declaration of the statute. G. S. 1923, § 5078; G. S. 1913, § 4490. The statute changed the common law

rule which made grain so deposited and intermingled a sale. Nat. Ex. Bank v. Wilder, 34 Minn. 149, 24 N. W. 699; Hall v. Pillsbury, 43 Minn. 33, 44 N. W. 673, 7 L. R. A. 529, 19 Am. St. 209; Herrick v. Barnes, 78 Minn. 475, 81 N. W. 526.

The elevator company could not give the defendant good title by a sale. The defendant purchased in good faith. Its innocence does not protect it. It is the policy of the statute, as construed by this court, to protect the one who stores grain, and if loss comes from the misconduct or misfortune of the elevator company to let it fall upon the purchaser. We do not find that subsequent legislation, up to the time the facts at the basis of this controversy arose, has changed the doctrine stated in Hall v. Pillsbury and other cases.

4. The evidence did not require a finding that the owners of the stored grain consented to its sale, so that good title passed, within the facts involved or rule noted in Nieter v. McCaull-Dinsmore Co. 159 Minn. 395, 199 N. W. 85, and cases there cited.

5. The evidence is that the elevator was entirely emptied of oats shortly prior to the purchase by the defendant. None of the grain deposited by the plaintiff's assignors went to the defendant. The claim is that, with the facts so, the plaintiff cannot claim a conversion. It is based upon the theory that the grain in storage was trust property, there by way of bailment; and that conversion will lie only when the trust property can be traced. The failure to have the grain on hand, the sale of it with a disability to produce a like amount within the time limited, constituted a conversion. The situation is not one to which the rule relative to the tracing of trust property applies.

6. By L. 1921, p. 667, c. 428, effective from April 23, 1921, now embodied after the amendment made by L. 1923, p. 108, c. 114, § 13, in G. S. 1923, § 5071, a bond is required of local warehousemen. The elevator company gave no bond. The defendant claims that since it gave no bond it was no longer a public grain elevator to which the rule of bailment applicable to intermingled stored grain applied, and therefore the storage was a sale. We are not of that view.

Order affirmed.