# JOE HOVEN v. McCARTHY BROTHERS COMPANY.[1]

May 29, 1925.

No. 24,435.

**When holders of storage tickets are not estopped from asserting conversion of grain by elevator company.**

1. Persons holding storage tickets issued by a grain elevator are not estopped from asserting a wrongful disposition of the grain because they know that the elevator is shipping out grain and that the two local elevators have capacity to hold but one-fourth of the grain produced in their territory.

**Overruling decisions of court of last resort retrospective in effect.**

2. A decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, except that where a constitution or statute has received a given construction by the court of last resort and contracts have been made and rights acquired in accordance therewith such contracts may not be invalidated nor vested rights acquired under them impaired by a change of construction made by a subsequent decision.

**North Dakota doctrine not reversed by Kastner v. Andrews.**

3. Kastner v. Andrews (N. D.) 194 N. W. 824, did not reverse or modify any of the prior decisions of that court.

**Rule of good faith applicable to agent inapplicable to factor.**

4. The rule of good faith and innocence of wrongdoing which may protect a mere agent from liability in conversion does not apply to a factor.

1. See Warehousemen, 40 Cyc. p. 449 (1926 Anno).
2. See Constitutional Law, 12 C. J. p. 985, § 584; Contracts, 15 C. J. p. 960, § 358.
3. See Warehousemen, 40 Cyc. p. 449.
4. See Factors, 25 C. J. p. 412, § 143.

Action in the district court for Hennepin county for conversion. The case was tried before Baldwin, J., who ordered judgment in

[1]Reported in 204 N. W. 29.

favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Reversed.

*Edward P. Kelly, Scott Cameron* and *A. B. Atkins,* for appellant.
*Fowler, Carlson, Furber & Johnson,* for respondent.

WILSON, C. J.

This is an action for conversion demanding judgment for $17,-706.94. The answer denies the conversion and pleads other matters as a defense. The case was tried to the court and the only question considered was liability, leaving other questions and the question of amount for future consideration. The court found no liability on the part of the respondent. Appellant has appealed from an order denying his alternative motion for judgment or for a new trial.

Plaintiff holds warehouse receipts or storage tickets, issued to 48 farmers in form as prescribed by the laws of North Dakota regulating warehouses for grain delivered to an elevator operated by one Burnstad of Burnstad, North Dakota. Burnstad shipped the grain in his own name to respondent, a commission firm in Minneapolis. It received the same, sold it on the open market, deducted its commission for such sales, and accounted to Burnstad for the proceeds. Later appellant demanded the grain or an equivalent amount of grain and tendered proper fees and charges for handling and storage. The demand was futile. Burnstad failed. The grain on hand was sold and proceeds turned over to a trustee for the benefit of holders of storage tickets.

The farmers to whom storage tickets were issued knew that grain was being shipped from the two local elevators which had together a capacity of about one-fourth of the grain produced in their territory. It is claimed that because of such knowledge the silence on their part estopped them from asserting that the disposition of the grain in question was wrongful under the doctrine of Nieter v. McCaull-Dinsmore Co. 159 Minn. 395, 199 N. W. 85. The facts, however, in this case are wholly insufficient to warrant the inference of consent to such disposition of the grain and will not support the claim of estoppel.

We are here concerned with the statute of North Dakota, sections 3111-3115, Comp. Laws of 1913, and the decisions of the court in that state. It is now the declared law in North Dakota upon the construction of the statute, that the holders of storage tickets are owners in common of the grain in the elevator up to the amount required to redeem the storage tickets; that the elevator man may mix the grain with other grain and the tickets provide for the return of substituted grain of like kind and quality, etc., and at terminals; that the transaction is a bailment and that there is no limitation upon the bailee's right to sell from the common mass; that when the grain is shipped out the grain substituted for it in the common mass passes to the holders of the storage tickets to the extent required to redeem all such outstanding tickets; that the holders of such tickets remain the owners until their title is lawfully divested. "The right of the warehouseman to sell as his own being necessarily limited to the quantity over that which is required to redeem outstanding receipts, it follows that where stored grain is shipped out and sold to the point where the warehouseman cannot redeem the outstanding receipts, property is sold which the vendor does not own." Kastner v. Andrews (N. D.) 194 N. W. 824, 829; Carson State Bank v. Grant Grain Co. (N. D.) 197 N. W. 146. This is in harmony with our own statute. Torgerson v. Quinn-Shepherdson Co. 161 Minn. 380, 201 N. W. 615. Hence the person who buys grain from a North Dakota warehouseman must determine for himself that such warehouseman has on hand sufficient grain to meet the outstanding storage tickets, otherwise he buys at his peril. To the extent that the grain purchased is needed to meet deficiency on storage tickets, no title can be acquired and it is the subject of conversion.

It is the law that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation—the overruled decision is regarded in law as never having been the law, but the law as given in the later case is regarded as having been the law even at the date of the erroneous decision, except that where a constitution or statute has received a given construction by the court of last resort and contracts have been made and rights ac-

quired in accordance therewith, such contracts may not be invalidated nor vested rights acquired under them impaired by a change of construction made by a subsequent decision. Louisiana v. Pilsbury, 105 U. S. 278, 26 L. ed. 1090; Farrior v. New Eng. Mtg. Sec. Co. 88 Ala. 275, 7 South. 200, 12 L. R. A. 856; Haskett v. Maxey, 134 Ind. 182, 33 N. E. 358, 19 L. R. A. 379; Mason v. Nelson Cotton Co. 148 N. C. 492, 62 S. E. 625, 18 L. R. A. (N. S.) 1221, 128 Am. St. 635; Falconer v. Simmons, 51 W. Va. 172, 41 S. E. 193; U. S. Saving Fund & Inv. Co. v. Harris, 142 Ind. 226, 40 N. E. 1072, 41 N. E. 451; State v. O'Neil, 147 Iowa, 513, 527, 126 N. W. 454, 33 L. R. A. (N. S.) 796, Ann. Cas. 1912B, 691; Douglas v. Pike County, 101 U. S. 677, 25 L. ed. 968; Sutherland, St. Const. par. 319; Ohio Life Ins. & Trust Co. v. DeBolt, 57 U. S. (16 How.) 416, 14 L. ed. 977.

Kastner v. Andrews, supra, was decided July 18, 1923. The instant case was decided May 6, 1923. Respondent says that the Kastner case in announcing the rule stated departed from the declared law of North Dakota as the statute had been previously construed. It is asserted with some justification that the prior decisions justified the conclusion that the law was in substance as follows: That the warehouseman does not become a wrongdoer by shipping stored grain to a terminal elevator; that he might ship such grain out of the warehouses as the business requires and that he would be liable for conversion only upon a demand by the person entitled to possession and a refusal on his part. This assertion of the prior decisions is based upon the following authorities: Best v. Muir, 8 N. D. 44, 77 N. W. 95, 73 Am. St. 742; Plano Mnfg. Co. v. Jones, 8 N. D. 315, 79 N. W. 338; Marshall v. Andrews & Gage, 8 N. D. 364, 79 N. W. 851; First Nat. Bank v. Minneapolis & Nor. Elev. Co. 11 N. D. 280, 91 N. W. 436; State v. Daniels, 35 N. D. 5, 159 N. W. 17; Towne v. St. Anthony & Dakota Elev. Co. 8 N. D. 200, 77 N. W. 608. In support of such contention respondent cites also Northern Trust Co. v. Con. Elev. Co. 142 Minn. 132, 171 N. W. 265, 4 A. L. R. 510; Nicholson v. H. Poehler Co. 284 F. 992.

Mr. Justice Birdzell in the very able opinion in Kastner v. Andrews, supra, reviews the decisions which are pointed out as

construing the law inconsistent with the conclusion reached in that case, and he does not expressly reverse, modify or distinguish any of them. That opinion is apparently announced upon the theory that the conclusion reached was consistent with the prior decisions. In fact it may well be said that the alleged newly announced rule, namely, the limitation on what portion of such grain, i. e., that which must be kept on hand to meet storage tickets, could be sold, was implied in all prior statements to the effect that a public warehouseman does not become a wrongdoer by shipping stored grain to a terminal elevator. The language used was correct, but it did not fully declare all the law. The particular cases did not. call for a full statement of the law applicable to the facts now before us. Nothing was said in these cases that is inconsistent with the later case. It would be presumptuous for us to say that the North Dakota court has reversed itself when it has not expressly done so. In fact none of the prior decisions of North Dakota can be construed as holding that a warehouseman could confer upon a purchaser good title to grain stored which was necessary to redeem outstanding storage tickets. The claim of respondent that it relied upon the prior decisions of North Dakota so construing the statute and is entitled to the protection of the rule of law stated, cannot be sustained.

Respondent may be innocent of wrongdoing, but it is not a mere agent so as to come within the doctrine of Leuthold v. Fairchild, 35 Minn. 99, 27 N. W. 503, 28 N. W. 218. It is a factor. Johnson v. Martin, 87 Minn. 370, 92 N. W. 221, 59 L. R. A. 733, 94 Am. St. 706; Dolliff v. Robbins, 83 Minn. 498, 86 N. W. 772, 85 Am. St. 466; 12 C. J. 147, note 43; 25 C. J. 340, 343, 411, § 143 (2); 11 R. C. L. 780.

Reversed, and the case is remanded with instructions to determine extent of liability.