STATE of Minnesota, Respondent,

v.

Brenda Sue LOEWEN, Appellant.

No. CX–96–2062.

Court of Appeals of Minnesota.

July 1, 1997.

Review Granted Aug. 26, 1997.

The jury found appellant guilty as charged. After appellant was sentenced, the supreme court reversed this court's ruling in *Orsello*, holding that specific intent is required under the harassment/stalking law.

## ISSUE

Does the supreme court's decision in *State v. Orsello*, 554 N.W.2d 70 (Minn.1996), require that appellant be granted a new trial?

## ANALYSIS

Jury instructions, viewed in their entirety, must fairly and adequately explain the law of the case. *State v. Flores*, 418 N.W.2d 150, 155 (Minn.1988). "Defendant should be given a new trial if it cannot be said beyond a reasonable doubt that the error [in jury instructions] had no significant impact on the verdict." *State v. Olson*, 482 N.W.2d 212, 216 (Minn.1992).

The jury instructions given in this case, in accordance with this court's decision in *State v. Orsello*, 529 N.W.2d 481 (Minn.App.1995), *rev'd*, 554 N.W.2d 70 (Minn.1996), required the state to prove only that appellant had the general intent to commit the acts which caused the victim to feel harassed. After appellant was convicted and sentenced, the supreme court determined that the specific intent to harass was an element of an offense under Minn. Stat. § 609.749 (1994). *Orsello*, 554 N.W.2d at 76. As such, the jury instructions that were given in appellant's case contained a fundamental error of law.

Respondent argues that appellant is not entitled to a new trial because defense counsel did not object to the jury instructions. While the general rule is that a defendant is deemed to have forfeited the right to have an appellate court consider trial errors if defense counsel fails to object, there are exceptions. *State v. Malaski*, 330 N.W.2d 447, 451 (Minn.1983). If the error was plain error affecting substantial rights or an error in fundamental law, an appellate court is free to review the error. *Id.* Because the error in the jury instructions was an error in fundamental law, appellant's failure to object to

Hubert H. Humphrey, III, Attorney General, Robert A. Stanich, Assistant Attorney General, St. Paul, for Respondent.

Todd S. Webb, Clay County Attorney, Clay County Courthouse, Moorhead, for Respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Assistant State Public Defender, Minneapolis, for Appellant.

Brenda Sue Loewen, Owatonna, pro se.

Considered and decided by RANDALL, P.J., KALITOWSKI and SCHUMACHER, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Brenda Sue Loewen was convicted of harassment/stalking under Minn. Stat. § 609.749, subds. 2(7), 4 (1994).[1] Appellant challenges her conviction, claiming the district court: (1) erred in its jury instructions by not instructing that specific intent to harass is required pursuant to *State v. Orsello*, 554 N.W.2d 70 (Minn.1996); (2) abused its discretion in imposing an aggravated sentence twice the presumptive sentence; and (3) exceeded its authority when it prohibited appellant from entering three Minnesota counties as a condition of probation.

## FACTS

Appellant was charged with one count of harassment in violation of Minn.Stat. § 609.749, subd. 2(7), 4 (1994). The jury instructions given by the district court followed this court's decision in *State v. Orsello*, 529 N.W.2d 481 (Minn.App.1995), *rev'd*, 554 N.W.2d 70 (Minn.1996), and did not state that an element of the offense is that appellant's actions were committed with the specific intent to harass.

---

1. This statute was modified by 1997 Minn. Laws ch. 96 § 5, subd. 1a (to be codified as amended

at Minn.Stat. § 609.749), to require no proof of specific intent.

the jury instructions does not constitute a waiver that prevents this court's review.

■ Respondent also argues that the supreme court's decision in *Orsello* should only be prospectively applied and that because appellant was convicted before the supreme court issued the *Orsello* decision, it should not be applied to the present case. We disagree.

■ To determine whether a new rule should be applied prospectively or retrospectively, a balancing test is applied. *State v. Sims,* 553 N.W.2d 58, 60 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). The factors of the test include: (1) the purpose to be served by the new rule; (2) the extent of reliance by law enforcement on the old rule; and (3) the effect on the administration of justice of a retrospective application of the new rule. *Id.*

■ The balancing test, however, is inapplicable to the present situation. The supreme court in *Orsello* was not announcing a new rule, but rather, was overruling this court and correcting an error in the interpretation of a statute. In such a situation,

> [i]t is the law that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation-the overruled decision is regarded in law as never having been the law, but the law as given in the later case is regarded as having been the law even at the date of the erroneous decision * * *.

*Hoven v. McCarthy Bros. Co.,* 163 Minn. 339, 341, 204 N.W. 29, 30 (1925); *Shipka v. Helvig,* 405 N.W.2d 248, 252 (Minn.App.1987), *review denied* (Minn. June 26, 1987); *see McGuire v. C & L Restaurant Inc.,* 346 N.W.2d 605, 614 (Minn.1984) (if a court determines that a statute is unconstitutional, "the statute is not a law; it is just as inoperative as had it never been enacted"). Thus, this court's *Orsello* decision is "regarded in law as never having been the law."

Though application of the balancing test is not necessary because of the general rule that an overruling decision is to be applied retrospectively, *Hoff v. Kempton,* 317 N.W.2d 361, 363 (Minn.1982), if we were to apply the test, the retrospective application

of *Orsello* would nevertheless be required. First, the purpose served by the *Orsello* holding is to effectuate legislative intent and prevent Minn.Stat. § 609.749 from being constitutionally infirm. Second, the reliance by law enforcement on the previous ruling would appear to be minimal. While this court's *Orsello* decision affected what prosecutors were required to prove under the statute, it likely had little effect on the manner in which police officers perform their duties. Finally, though the retrospective application of *Orsello* may, as here, require new trials, this administrative burden does not outweigh the purpose of the specific intent requirement, as explained by the supreme court.

Accordingly, the specific intent to harass element of Minn.Stat. § 609.749 is required in the present case. Because the jury instructions given by the district court did not contain this element, the jury instructions contained an error of fundamental law that requires a new trial. In light of this determination, we need not address the other issues raised by the parties.

■ Respondent moved to have several items in appellant's supplemental brief and supplemental reply brief stricken. Because the items refer to matters outside of the record, we grant respondent's motion. *See* Minn. R. Civ.App. P. 110.01 (record consists of papers filed in trial court, the exhibits, and the transcript of the proceedings); *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (reviewing court will generally only consider matters presented and considered by district court).

## DECISION

Appellant Brenda Sue Loewen's conviction under Minn.Stat. § 609.749, subd. 2(7), 4 (1994), is reversed because her jury instructions did not contain the specific intent to harass element required by *State v. Orsello,* 554 N.W.2d 70 (Minn.1996). Respondent's motion to strike is granted.

**Reversed and remanded, motion granted.**